Dyer v. Sullivan.

C. C. DYER, PRESIDENT &c. v. JAMES S. SULLIVAN.

Suit on certificate of loan to the Board of Trustees of the Richmond Male and Female Academy, signed C. C. Dyer, President, and to foreclose a mortgage signed by said Dyer, President of the said Board of Trustees, acting for and in behalf of said Board ; citation served on said Dyer ; judgment by default, against the Board of Trustees, and decree of foreclosure of the mortgage. See this case as to the formality required in the entry of final judgment.

Error from Fort Bend.    Tried below before the Hon. N. H. Munger.

The petition was as follows : James S. Sullivan, a resident citizen of the county of Fort Bend in the State of Texas, com-plaining of Clement C. Dyer, President of the Board of Trus-tees of the Richmond Male and Female Academy, who is also a resident of said county, would most respectfully represent unto your Honor, that said academy is justly indebted to your petitioner in the sum of three hundred dollars with interest and more ; but said amount of three hundred dollars is the amount for which he brings this suit ; for this, that, on the 2nd of January, 1854, your petitioner loaned to said academy the sum of three hundred dollars, the payment of which sum was secured to your petitioner in this way to wit : three several certificates were issued by said Dyer, as president as afore-said, for one hundred dollars, each dated 2d January, 1854, payable in twelve months from the date thereof, with ten per cent. interest from date, which certificates are hereto attached as part of this petition, and on the same day a mortgage was executed by said Dyer, as president as aforesaid, on said academy and two acres of ground upon which the same is located to secure the payment to petitioner of said sum with other amounts, all of which, and more, will fully appear by reference to said mortgage which is hereto attached as part of this petition.    Petitioner showeth unto your Honor, that the money, for which said certificates were issued and mortgage executed, was loaned to said Dyer as president, as aforesaid to assist in completing said academy.    And he further shows that said Dyer was fully authorized to make said mortgage and issue said certificates by a resolution of the Board of Trustees of said academy.    He further shows that his debt aforesaid has not been paid or any part thereof.    He there-fore prays that said Dyer may be cited to answer this petition at the next Term of your honorable Court, and that petitioner then have judgment for his debt aforesaid, with interest as

aforesaid, and all costs of suit; that said mortgage may be foreclosed and that execution issue and said property be sold to pay said debt, and as in duty bound, &c.

The mortgage was as follows :

The State of Texas ; Fort Bend county : Know all men by these presents that, for and in consideration of the sum of two thousand dollars to me in hand paid by James S. Sullivan, the receipt whereof is hereby acknowledged, I, Clement C. Dyer, President of the Board of Trustees of the Richmond Male and and Female Academy, for and on behalf of said Board of Trustees, have this day bargained, aliened and sold, and do, by these presents, bargain, alien, sell and convey unto him, the said James S. Sullivan, all that certain tract or parcel of ground, lying and being situate in the county of Fort Bend and the State of Texas, known and described as follows, to-wit : two acres of land in a square shape, taken out of the north-east corner of out lot No. 10, as the same is numbered on a map of Herndon's addition of blocks and out lots to the town of Richmond, which is recorded in Book A, page 484, of deeds and conveyances in and for the county of Fort Bend, known as the ground on which the Male and Female Academy now stands. To have and to hold the above described tract of land, together with all the improvements on the same, unto him the said James S. Sullivan, his heirs and executors and assigns forever, with all and singular all the rights and privileges thereto belonging in fee simple. The condition of the above conveyance is such that, whereas the said James S. Sullivan has this day loaned to said trustees the sum of fifteen hundred dollars, for which sum I have, by the direction of the Board of Trustees, issued fifteen certificates, each for the sum of one hundred dollars, numbered from one to fifteen, payable to the said James S. Sullivan, or to his assigns, payable within twelve months after the date thereof, with interest at the rate of ten per cent. per annum, which said certificates bear even date herewith ; now, if the said Trustees of the Richmond

Male and Female Academy shall well and truly pay or cause to be paid the amount of each of the aforesaid certificates with the interest accrued thereon to the said James S. Sullivan or his assigns, according to the tenor and effect thereof, then the above conveyance to be and become null and void, otherwise to be and remain in full force and effect in law and equity. In testimony whereof I have hereunto signed my name and affixed my seal, using a scrawl for seal, this the second day of January, A. D., 1854, &c.

The citation directed the Sheriff to cite Clement C. Dyer, President of the Board of Trustees of the Richmond Male and Female Academy, &c. ; and was returned served on said Dyer.

The judgment was as follows : And now on this day, to-wit : the 24th day of November, A. D., 1855, comes the party plaintiff by attorney, and the defendant, although solemnly called, came not but made default, and, the cause of action being liquidated in writing, the Clerk was ordered to assess the damages, which were accordingly assessed at the sum of three hundred and fifty dollars. And, it appearing to the Court that, on the 2d day of January, A. D. 1854, the said C. C. Dyer, President of the said Richmond Male and Female Academy, executed to the said James S. Sullivan, a mortgage to secure the payment of the certificate of stock, sued on, on the following described property, as follows, to-wit : two acres of land in a square shape, taken out of lot No. 10, as the same is numbered on the map of Herndon's addition of blocks and out lots to the town of Richmond, which is recorded in Book A, page 484, of deeds and conveyances in and for the county of Fort Bend, known as the ground on which the Male and Female Academy now stands. It is therefore considered by the Court, ordered, adjudged and decreed, that the said mortgage be foreclosed, and that an order of sale issue to the Sheriff of Fort Bend county, commanding him to sell the property specified in said mortgage as under execution according to law, and have and recover all costs of suit herein.

Dyer v. Sullivan.

The petition for the writ of error read as follows : The petition of Clement C. Dyer, who is sued under the description of ·the President of the Richmond Male and Female Academy, &c.

*W. D. Mitchell*, for plaintiff in error. I. The suit should have been against the trustees. (Story on Agency, Sec. 154, *et seq.*)

II. The judgment does not conform to the Statute. (Hart. Dig. Art. 773.) It is vague and indefinite, no sum being adjudged to the plaintiff, in satisfaction of which the property is ordered to be sold.

HEMPHILL, CH. J. The defendant in error, James S. Sullivan, who was plaintiff below, loaned to the Richmond Male and Female Academy, or to the Board of Trustees of that Academy, the sum of fifteen hundred dollars, for which fifteen certificates were issued, (as appears from the recitals of the mortgage.) The certificates were for one hundred dollars each, and one of the three sued upon in this action is copied below ; the form of the three being, *totidem verbis*, the same except as to the numbers :

This is to certify that J. S. Sullivan has loaned the Board of Trustees of the Richmond Male and Female Academy the sum of one hundred dollars, which is to be returned within twelve months from date hereof unto the said J. S. Sullivan, or his assigns, with interest at ten per cent. per annum from date. Richmond, Texas, January 2, 1854. [No. 11.]

J. S. SULLIVAN. (Signed,) C. C. DYER, President.

C. C. Dyer is sued in this action on three of these certificates ; but whether the plaintiff intended to hold Dyer personally liable, or to hold the Academy liable, is not very clear, from his pleading. He shows quite plainly, in fact, that Dyer is not liable individually on this contract. He represents

that the "Academy" is indebted to him in the sum of three hundred dollars, for that he loaned the said "Academy" the sum of three hundred dollars, the payment of which was secured by. certificates issued by Dyer, as President of the Board of Trustees of the said Academy, and also by mortgage executed by Dyer, as President as aforesaid, on said Academy and two acres of ground upon which the same is located; that the money was loaned to Dyer, as President as aforesaid, to assist in completing said Academy, and that Dyer was fully authorized to make and issue said mortgage and certificates, by a resolution of the Board of Trustees of the said Academy.

It does not appear from the petition, whether this institution is incorporated or not. One thing is certain, from the averments, and that is that Dyer was acting as agent, either. of the Board of Trustees or of the Academy, and in no sense in his individual or personal capacity.

There was a judgment by default in the cause. This is exceedingly imperfect. The cause of action being liquidated, the Clerk was ordered to assess the damages; which he did, but no judgment was entered for the recovery of the amount; and were this all that had been done, the writ of error must, for the want of a final judgment, have been dismissed. But there was judgment for the sale of the property specified in the mortgage, and this though not pursuing the Statute, has such finality as would sustain an appeal to this Court. It is not very clear whether the judgment is against Dyer, or against whom or what it was entered. But Dyer has brought it up and assigns,

1st. That the petition discloses no cause of action, on which the property of the Academy could, by decree, be subject to sale.

2d. That there was error in decreeing a sale of the land mortgaged, without having rendered a judgment for the debt.

And there are other assignments, to the effect that the

decree does not conform to the Statute, and that there was no judgment for the debt.

There plaintiff in error suggests in his brief a new ground, to the effect that as the petitioner alleges an indebtedness to the plaintiff below, on the part of the Richmond Male and Female Academy, and that Dyer, as President of the Board of Trustees or agent, executed the certificates and mortgages, the action should have been brought against the Board of Trustees and not the agent.

Had the action been positively against Dyer in his personal character, and judgment been entered against him as such, this assignment not being taken below might have been too late. But the petition, by its averments, shows that Dyer is not liable personally, nor is he positively sued, or judgment prayed against him in his personal capacity. The petition, in its commencement, complains of Dyer, President of the Board of Trustees of the Richmond Male and Female Academy, and after making allegations which negative any personal liability on the part of Dyer, it prays for citation to him, and that plaintiff have judgment for debt, interest and costs, and for foreclosure ; but does not pray distinctly that judgment be against Dyer individually.

This petition, on the whole, though wanting consistency and precision in its averments, may be taken as not intending a personal action against Dyer, but as against the Academy ; its special object being to foreclose a mortgage on the ground belonging to the Academy.

If this institution be incorporated, the proceedings, being against the President, may for aught that appears, be in proper form. The directions of the Charter, if it be incorporated, should have been pursued, and there being no evidence or plea to show that the suit has not been properly brought, or that the money is not really due, we must hold that the action is in due form, and that there is sufficient matter in the petition to

authorize judgment against the Academy, and for the sale of the property under mortgage.

But as the judgment is defective, it is ordered that the same be reversed and that judgment be rendered in this Court.

Reversed and reformed.