GONZALES COLLEGE AND OTHERS v. FRANCIS McHUGH.

Want of familiarity with a particular subject in relation to which a witness proposes to testify, is no objection to the admissibility of his testimony, it goes only to its weight.

Under a contract to build a house for a stipulated price for the whole work, and it be only partly executed by, but is received and used, the undertaker is only entitled to recover what the work done is reasonably worth.

But where work contracted to be done is considerably advanced toward completion, and where there has been no complaint that the work was not done in accordance with the contract, the correct mode of determining the value of the work, is the contract price less what it will take to complete it.

Appeal from DeWitt. Tried below before Hon. F. Jones.

Gonzales College v. McHugh.

This was an action brought in Gonzales county, (venue changed to DeWitt,) by McHugh against Gonzales College, and also against the above named appellants, who contracted as a building committee for the erection of a college building.

McHugh was to complete the building, according to contract and specifications, for $7,250, and to finish the same in twelve months from the date of the contract, was also to give bond in $10,000 for performance on his part.

The building committee were to pay McHugh $500 on the approval of the bond for performance, and $400 per month thereafter until $4,900 was paid, (including the $500,) provided the work progressed to the satisfaction of the committee. The balance to be secured by a lien or mortgage on the building when completed, in case it was completed to the satisfaction of the committee.

The bond of McHugh was without date, but it was approved by a majority of the committee on the 17th September, 1851.

| | | | | |
|---|---|---|---|---|
| Committee paid | September 13, 1851, | $240 00 | | |
| " | " September 20, 1851, | 259 00 | | |
| " | " September 27, 1851, | 77 00— | $576 00 | |
| " | " October —, 1851, | 755 00 | | |
| " | " October 4, 1851, | 150 00 | | |
| " | " October 11, 1851, | 100 00 | | |
| " | " October 25, 1851, | 150 00— | 1,155 00 | |

By November 11, 1851, the Committee had paid,    $1,731 00

November 11, 1851, committee gave notice that the work was not being done in a satisfactory manner in some particulars.

The work of McHugh was continued, and the payments by the Committee, as appears, reached the sum of $4,753 45.

On the 20th September, 1852, the committee, by resolution, declared the contract forfeited by the appellee. He, however, kept possession of the building in its uncompleted condition,

his family residing in it until 1854, when appellants took proceedings and had him turned out of the premises.

All the testimony on the trial, for both the appellee and appellants, concurs in establishing the fact that the work was done in a manner to render it almost worthless.

The appellants offered to prove by the depositions of Anderson, Goff and Miller the character and value of the work, &c., on the building, and also by the testimony of Dubois to the same effect, the material facts of which were ruled out by the Court, upon the ground that these witnesses were not particularly familiar with the kind of work to which their evidence related; to which the appellants excepted.

There was a verdict and judgment for appellee.

*Sherwood & Goddard*, for appellants, contend that,

I.   The testimony of Anderson, Goff, Miller and Dubois were improperly ruled out.

II.   The Court erred in withholding the instructions asked by defendants, and also erred in the instructions given.

III.   The verdict of the jury was contrary to law and evidence.

IV.   The Court erred in overruling the motion for a new trial.

*Cunningham & Holt*, for appellee.

ROBERTS, J.   The principal questions arise in this case upon the rulings of the Court in the exclusion of appellants' testimony, tending to prove what was the value of the college building at the time McHugh quit work on it, and what was the quality of the work done by him?

One of·the grounds of objection to this testimony, taken by the appellee, was that the witnesses were not stone-masons, and were therefore not compent witnesses to speak of the value or quality of such work.

We do not think this objection well taken ; because a man from his experience and observation may be a very good judge of such subjects without being a practical mechanic. So a man may testify as to the value of cotton without being a merchant or farmer. Want of familiarity with the subject is an objection to the weight, rather than to the admissibility, of the testimony.

It is contended that the evidence was properly excluded, because the value of the unfinished building was not the true criterion, as to the amount that McHugh was entitled to recover, but the contract price, less what it would take to finish the building, was the true criterion.

Suppose that the work had been done so badly that the house never could be finished according to contract, then of course the rule contended for could not obtain. Suppose also a very inconsiderable portion of the whole work was done, then the rule suggested would be a very indirect mode of arriving at the rights of the party. If, however, the work contracted to be done was considerably advanced towards a completion, and, there was no complaint that the work was not in accordance with the contract, so far as it was completed, then the rule would be correct, as being the most direct way of estimating the value of the plaintiff's services, &c. (Hilliard v. Crabtree's Adm'r, 11 Tex. R. 264.) That the work was done in the time, and in a workmanlike manner, as stipulated for in the contract, cannot be plausibly contended for. The plaintiff, therefore, cannot rely on the contract as made in the writing. If he relies on the implied promise, from his labor and materials being received and used, the rule would be that he should recover so much as they were reasonably worth. (O'Conner v. Van Homme, Dallam, 429 ; Story on Con. Sec. 15, 927.)

Again, if the work was received as it progressed, and certain installments paid from time to time on the said work, still as the work was stipulated to be done for a price in gross, and

not by parcels, it was proper to estimate the value of what was done in order to determine whether appellants had overpaid for the work actually finished. (Story on Con. Sec. 19.) In any point of view that the case can reasonably be regarded the evidence was admissible, and the Court erred in excluding it.

There are numerous questions presented in the record, which, it is presumed, it is hardly necessary to refer to, as upon another trial they may not arise, and if they do, may be presented in a shape more favorable to judicial investigation.

Judgment reversed and cause remanded.

Reversed and remanded.