GONZALES COLLEGE v. FRANCIS McHUGH.

1. In a suit by or against a college it is error to render judgment individually against the college committee, who were agents only in making the contract.
2. A written contract merges all previous negotiations between the parties, and is itself the evidence of the final agreement of the parties. It is error to admit any letters or conversations about the subject of the contract, of date prior to the contract.
3. Declarations of an agent are but hearsay unless shown to have been uttered by authority of the party sought to be bound.

4. A former stockholder in a corporation, having sold his interest, was a competent witness for the corporation.

5. A communication by a plaintiff to a party described in the petition to be the treasurer of the corporation, is admissible against the plaintiff.

APPEAL from Karnes.    Tried below before the Hon. Jerome B. Carpenter.

This case has been twice before the Supreme Court, and reported in 21 Texas, 256, and 26 Texas, 677, to which reference is made for a statement of the case.    This is an appeal from the third verdict and judgment in favor of the same party.

*Harwood & Conway, Chandler & Carleton, Miller & Sayers,* and *J. W. Stell,* for appellant, cited the following authorities:   Clark v. Snow, 24 Texas, 242 ; Hill v. Fairson, 27 Texas, 428 ; Horan v. Wahrenberger, 9 Texas, 313 ; Chambers v. Hodges, 23 Texas, 104 ; Stansbury v. Nichols, 30 Texas, 149 ; Dewitt v. Miller, 9 Texas, 239 ; Wyatt v. Monroe, 27 Texas, 270 ; Davis v. McGehee, 24 Texas, 211 ; Dyer v. Sullivan, 18 Texas, 771 ; Henderson v. Railroad Co., 17 Texas, 572 ; 11 Texas, 303 ; 8 Texas, 98; 2 Texas, 274 ; Gill v. Campbell, 24 Texas, 407 ; Calhoun v. Wright, 23 Texas, 524 ; 1 Greenl. Ev., Sec. 430 ; Fox v. Sturm, 21 Texas, 407 ; Harvey v. Hill, 7 Texas, 501 ; Cloud v. Smith, 1 Texas, 102; Carroll v. Welsh, 26 Texas, 145 ; Riggs v. Hurd, 25 Sup., 456 ; Waul v. Hardie, 17 Texas, 558 ; Hilliard v. Crabtree, 11 Texas, 267 ; Austin v. Talk, 26 Texas, 130 ; Bailey v. Mills, 27 Texas, 434 ; Neill v. Newton, 23 Texas, 202 ; Price v. Randolph, 12 Texas, 295 ; Schools v. Risley, 10 Wallace, 115; Hickman v. Jones, 9 Wallace, 201 ; Utica Insurance Co. v. Badger, 3 Wend., 104 ; Olwyn v. Ulman, 12 Mass., 22 ; Taft v. Seabury, 11 Pick., 141 ; Smith v. Montes, 11 Texas, 25 ; Lee v. Hamilton, 12 Texas, 419 ; Smithwick v. Andrews, 24 Texas, 495 ; Todd v. Dysart, 23 Texas, 597 ; Luckett v. Townsend, 3 Texas, 119.

*N. O. Green*, for appellee.

McADOO, J.—This is an old suit.    It was brought before this court in 1858 (21 Texas, 256), and again in 1863 (26 Texas, 677).

As the judgment appealed from is the third one obtained by the plaintiff, upon three several verdicts, we greatly regret the necessity of reversing and remanding the cause.    This result, however, cannot be avoided, on account of such errors as cannot be overlooked in the court below.

The judgment itself is erroneous.    Were it not for other errors, we might reform that, and affirm the case otherwise.    But there are other errors which may have induced an erroneous verdict, upon which the appeal is based.

The real defendant is Gonzales College; and yet the judgment is rendered against the college and against the committee individually, who, according to the pleadings and testimony, were acting throughout as the agents only of the college in the making of the contract with the appellee, and who are not alleged, even in the pleadings, to be stockholders.    (Dyer v. Sullivan, 18 Texas, 767.)

It was error to admit as evidence the letter from W. H. Stewart to plaintiff, written before the contract.    It was written before the contract sued on was entered into, and there was no proof that Stewart had authority of defendant.    Even if written by authority, it only formed a part of the previous negotiations between the parties, all of which were merged in the contract.    The contract itself is the true evidence of the final agreement of the parties.

The declarations of Pilgrim were hearsay, and should have been excluded.    There is nothing to show that his statements were uttered by authority of the defendant.

The ruling out of the testimony of Eli Mitchell was

error, for he had no interest in the suit, having sold the share of stock in the college he formerly held before he was called on to testify.

The ruling out of the order of the plaintiff to Chenault (whom the plaintiff alleged in his petition to be the treasurer of the college) was error.

We think the charges of the court were calculated to mislead the jury. Indeed, it is impossible to tell what charges were given to the jury, outside of the direct charges of the court. Of the charges asked by counsel, we cannot tell what were given or what were not given, as no marks of "given" or "refused" appear upon them, and yet they form a part of the record, and a large part.

We think the law of the case was so correctly and so succinctly laid down by Judge Roberts on the first adjudication of this case in this court (21 Texas, 256), that reference only need be made to that decision on this subject.

Upon rehearing, we believe the former opinion and judgment in this case should be reversed, and the judgment be entered in accordance with this opinion, reversing the judgment of the court below and remanding the cause.

Reversed and remanded.