D. H. SNYDER ET. AL., VS. WILEY & PORTER.

SUPREME COURT, AUSTIN TERM, 1883.

*Corporation Trustees---No individual judgment against*---Judgment cannot be rendered against trustees of a corporation in their individual capacity, unless they undertake to become personally liable for the debt of the corporation.

Appeal from Williamson County.

*James H. Robertson* for appellants.

Opinion by West, J.

The court, having found correctly under the facts that the appellees were not entitled to enforce the lien claimed, should have proceeded no further in the case.

The amount not being of itself sufficient to give the court jurisdiction, the only ground, upon which the power to retain the case

could rest, was that the appellees were entitled to foreclose the lien set out in their pleadings, having failed to establish this right and there being no other feature in this case that would authorize the court to proceed further, the suit should have been dismissed for want of jurisdiction. Bonner vs. Watson 6 Tex., 173. Giradin vs. Dean 49 Tex., 248.

From the averments of the petition it would seem that the appellants have been, in accordance with law, elected trustees of the Methodist Episcopal Church of Round Rock.

Such an organization was then and is now a body politic and corporate with powers defined by statute. Hart Dig. Art. 3241. Pasch. Dig. Arts.486 & 6000. Rev.Stats.Arts. 637 & 638. In such caseseven if the amount itself were within thejurisdiction of the district court it has no power to render a judgment against the trustees in their individual capacity,unless they undertake to become liable,personally,for the debt of the corporation. It would be often difficult to find persons who would act as trustees for churches, school houses or other religious and educational corporations of this character if upon a contract like the present,made in their corporate capacity, they should be held to be individually bound. Dyer vs. Sullivan 18 Tex., 773. The judgment is reversed and the cause is dismissed.