### JOSEPH WRIGHT AND FRANK BYLER v. NICHOLAS DUNN.

#### No. 2617.

1. **Evidence—Tenant in Common.**—A tenant in common bought the rights of all but one of his cotenants, and brought an action of trespass to try title, asserting ownership of the entire tract. *Held*, that, save as against his cotenant, he could recover; i. e., he can recover against a mere trespasser.

2. **Wills—Executors.**—A power conferred by will on three executors "to settle the affairs" or to "settle up the estate" of the testator can not be executed by one of the executors alone.

3. **Trespass to Try Title.**—A defendant in trespass to try title, when a naked trespasser, can not defeat a recovery by the plaintiff who claims under bond for title from the true owner by showing that the consideration named in the bond has not been paid.

4. **Stale Demand.**—Twenty-seven years after the execution of a bond for title to land the heirs of the purchaser brought suit against a naked trespasser, who was a stranger to the title and who pleaded the staleness of the demand. The evidence showed that the purchase money note had been transferred, but there was no evidence of its payment. *Held*, that the defense of stale demand was unavailing.

APPEAL from Nueces. Tried below before Hon. J. C. Russell. The opinion states the case.

*McCampbells & Welch,* for appellants.—1. The court erred in excluding as evidence the deed offered by the defendants from B. F. Neal, an executor of H. L. Kinney, to Frank Byler, one of the defendants. And the court specially erred in excluding the same when upon its face it was sufficient to support the pleas of limitation of three and five years. Carleton v. Cameron, 54 Texas, 77; Ferguson v. Ferguson, 27 Texas, 344.

2. The superior title remains in the vendor of a tract of land until the purchase money is paid when the conveyance is executory, as where a bond for title has been given, and no recovery can be had on a bond for title executed in 1851 for the conveyance of such tract of land on which suit is first brought in 1878. The doctrine of stale demand will apply.

On superior title.   Webster v. Mann, 52 Texas, 416; Harris v. Catlin,. 53 Texas, 1; Cassady v. Frankland, 55 Texas, 452, and 62 Texas, 418; McBride v. Banguss, 65 Texas, 177.

On specific performance.   Jones v. Carver, 59 Texas, 293; Ward v. Stuart, 62 Texas, 333; Estell v. Cole, 62 Texas, 695.

On stale demand.   Lewis v. Cole, 60 Texas, 341, and authorities.

No brief on file for appellee.

ACKER, PRESIDING JUDGE.—This is an action of trespass to try title, brought by appellee against appellants January 11, 1878.   Appellants. answered by not guilty and pleas of three, five, and ten years limitation and stale demand.   Both parties claim under H. L. Kinney; appellee through bond for title from Kinney to Edward and James Cody, exe- cuted September 30, 1851, in consideration of a note for $300 given for the purchase money of the land, to be paid September 30, 1862; transfer· of this bond by Edward and James Cody, executed August 27, 1858, to Christopher Dunn; by inheritance and by transfer from the other heirs of Christopher Dunn.   Kinney died in 1861, leaving a will appointing Benj. F. Neal, H. W. Berry, and Martin Hinojosa executors, and directing "that no administration shall be had upon my estate, but leave the settlement of my affairs to my executors."   The will contains the following provi- sion:   "It is further understood that Judge Neal is to be consulted in all cases in regard to the settlement of my estate."   The will was ad- mitted to probate in April, 1862, and all of the executors qualified.

The will contains no express authority to the executors to sell and con- vey land, nor does it empower them to dispose of any part of the estate. They are simply empowered to "settle his affairs."

Appellants claim the land under a conveyance from Neal, one of the executors, executed January 13, 1873, which recites the execution of the bond for title by Kinney to the Codys in 1851 and the non-payment of the note given for the purchase money by the Codys.

Christopher Dunn died intestate and without having married, during the yellow fever epidemic in 1867, and in September of that year his father and three of his five surviving brothers and sisters executed a written agreement whereby their interests in his entire estate became vested in appellee without describing the estate.   This written agree-. ment was offered in evidence by appellee and objected to upon numerous· grounds.   The objection was overruled and the instrument read in evi- dence, and this ruling is assigned as error.

The grounds of objection principally relied upon in support of the assignment are:   It does not describe the land; it is not signed by Mat- thew Dunn, one of the heirs; its recitals of heirship are not binding upon appellants.   The instrument was executed by the father of Christopher

Dunn, who inherited one-half of his estate, and by three of his five surviving brothers and sisters. Appellee inherited one-fifth of one-half, which with the interests conveyed made him owner of nine-tenths of the estate without the signature of Matthew Dunn. Under this conveyance or agreement appellee became entitled to have and recover nine-tenths of all the property belonging to the estate of Christopher Dunn, and the instrument was admissible for the purpose of showing the extent of his interest in the estate. He was a tenant in common with Matthew Dunn, and as such he would be entitled to recover the possession of any land belonging to the estate as against all persons except Matthew Dunn. Guilford v. Love, 49 Texas, 715. Appellee testified without objection to the heirship of himself and other parties to the agreement.

The court did not err in admitting the agreement or conveyance in evidence.

Appellants offered in evidence the conveyance from Neal, one of the executors of Kinney, to appellant Byler, which was objected to upon the ground that the will of Kinney did not empower the executors to sell land, and that if it did, three executors having qualified, one alone could not execute such conveyance.

The objection was sustained and the deed excluded, which is assigned as error.

We think it may be doubted whether the power granted by a will to independent executors to "settle the affairs" or to "settle up the estate" of the testator confers upon such executors the power to sell and convey real estate. If the will had expressly granted to the executors such power, three having accepted the trust, one alone could not execute the power. Hart v. Rust, 46 Texas, 556. We think the court did not err in the ruling here complained of. It is contended that the conveyance from Neal, executor, to Byler was admissible in support of the plea of five years limitation. A sufficient answer to this is that the suit was brought within less than five years from the dâte of the conveyance.

The court instructed the jury in effect that it was not necessary for appellee to prove the payment of the consideration mentioned in the bond for title from Kinney to James and Edward Cody, and this is assigned as error.

If we are correct in the conclusions previously announced in this opinion appellants had no title, legal or equitable, to the land; they were naked trespassers. Being trespassers, claiming without right or title, they could not under the circumstances of this case defeat appellee's recovery by showing that the consideration, recited in the bond had not been paid. Ann Berta Lodge v. Leverton, 42 Texas, 18.

The evidence showed that the note had been transferred and that it could not be found. It was either paid or barred by limitation. Upon the transfer of the note neither the vendor nor his executors had the

power to annul the contract. The naked legal title alone then remained in the vendor or his heirs or devisees as the case may be. The assignor had a lien to secure the payment of the note, and the party claiming under the bond for title had the equitable title to the land, upon which he could recover against a trespasser.

We think therefore that there was no error in the charge here complained of.

The court charged the jury in effect that appellants having failed to prove any title or right to the land the jury would disregard their plea of stale demand, and this is assigned as error.

We think there is no doubt that the action of trespass to try title may be maintained on a bond for title (Scarborough v. Arrant, 25 Texas, 132), and when, as in this case, the recovery is sought against strangers to the title, naked trespassers without title or color of title, we think the defense of stale demand unavailing to defeat the right to recovery. There was proof tending to show part performance upon the part of Christopher Dunn during the lifetime of the obligor Kinney. Had Kinney lived until the full time of performance had elapsed, and there had been failure on the part of Dunn to fully perform, if there had been partial performance upon his part, in order to have defeated his rights under the bond it would have been necessary for Kinney to demand full performance and give notice to Dunn of his intention to rescind the contract upon failure to perform. Kinney died before the time of performance expired, and it seems that Dunn's note for the purchase money passed from the estate into the hands of parties residing in New Orleans. The executors of Kinney used the note, and the estate doubtless received the benefit of the proceeds. If the conveyance from Neal, one of Kinney's executors, had been authorized by the will, and appellants had thereby become vested with the legal title, their defense of stale demand might have been entitled to consideration.

We find no error in the judgment, and are of the opinion that it should be affirmed.

*Affirmed.*

Adopted March 12, 1889.