MARY CURRAN, ADMINISTRATRIX, v. TEXAS LAND AND
MORTGAGE COMPANY, LIMITED.

Decided November 14, 1900.

**1.  Superior Title—Rescission of Sale of Land After Vendee's Death.**

Where, by reason of the retention of an express lien in a deed of land to secure unpaid purchase money, the sale is executory and the superior title remains in the vendor, his right to rescind the sale and recover back the land upon default in payment is not affected by the death of the vendee, since the latter's heirs and legal representatives take only such estate as he had, subject to all the terms and conditions of the contract of sale.

**2.  Same—Presentment of Vendor's Claim to Deceased Vendee's Estate.**

Where the vendee has died, it is not necessary that the vendor present his claim for interest falling due on the purchase money notes for allowance against the estate in order to entitle him to rescind the sale and recover the land for default in the payment of such interest.

**3.  Same—Jurisdiction of Probate Court—Making Payments on Land.**

Under article 5, section 16, of the Constitution, the probate court has general jurisdiction over estates, and by virtue thereof may make such orders as are necessary to prevent a forfeiture of the rights of the estate under an executory purchase of land, without the presentation to it for allowance of a claim for such payment by the vendor.

**4.  Same—Jurisdiction of District Court—Trespass to Try Title.**

The Constitution confers on the district courts exclusive jurisdiction of all suits for the trial of title to lands, and where a vendor of land who has reserved the superior title rescinds the sale for default in payment by the vendee, the action of trespass to try title is his proper remedy for the recovery of the land.

APPEAL from Dallas. Tried below before Hon. RICHARD MORGAN.

*Edward Gray, Miller & Fouraker,* and *J. J. Collins,* for appellant.

*Coke & Coke,* for appellee.

TEMPLETON, ASSOCIATE JUSTICE.—This suit, which is an action in the ordinary form of trespass to try title, was brought by the appellee, the Texas Land and Mortgage Company, Limited, against the heirs of Patrick Curran, deceased, and the administratrix of his estate, to re-

cover certain lots situated in the city of Dallas. The case was tried by the court without the intervention of a jury, and judgment was rendered in favor of the appellee, from which judgment the administratrix alone has appealed.

The lands in controversy were owned by the appellee, and on January 19, 1897, it conveyed the same to Patrick Curran in consideration of the sum of $300.68 cash, and a note for $32,500, due January 1, 1900. The note bore interest from January 1, 1897, the interest being payable semi-annually on the first days of January and July of each year, and it was provided in the note that the failure to pay any installment of interest when the same became due should, at the election of the holder thereof, at once mature the note. The vendor's lien was retained both in the deed and note, and a deed of trust, covering the lots in controversy and providing for a trustee with power of sale, was executed contemporaneously with the deed and note to further secure the note. In the deed of trust Curran covenanted and bound himself to pay all taxes which might become due on said lands, and agreed that the failure to keep any covenant contained therein should, at the election of the holder of the note, at once mature the same.

Curran took possession of the property and paid all installments of interest as the same matured, up to the time of his death, which occurred on July 25, 1898. He also paid $900 on the principal of the note on January 1, 1898, and paid all taxes which accrued prior to his death.

Curran died intestate, and his widow was legally appointed administratrix of his estate and duly qualified as such on October 3, 1898. She at once took possession of the property belonging to the estate and inventoried the same, including the lands in controversy. The administration is still pending.

Curran was a single man at the time he made the contract with the appellee for the purchase of the said lots. He was married to the appellant on May 24, 1897. No property was accumulated after the marriage and before Curran's death, all the community earnings going to pay living expenses. At the time of his death Curran owned a lot of saloon goods and fixtures and hotel furniture worth about $1000, and some household and kitchen furniture worth about $100, all of which was his separate property. He owned no other property except his interest in the lands in controversy. He owed $700 or $800, besides the note given for the land. On December 3, 1898, the household and kitchen furniture was set apart to Mrs. Curran as property exempt from administration, and on December 9, 1898, the remainder of the personal property belonging to the estate was also set apart to her in lieu of exemptions. These orders were made on her application. This left nothing to be administered upon except Curran's interest in the lands sued for. The land is now worth $30,000, an amount considerably less than the sum owing on the note.

Since Curran's death nothing has been paid on the principal or interest of the note, and the appellee has paid all taxes due on the said lands as the same matured. When the semiannual installment of inter-

est fell due on January 1, 1899, the appellee notified the administratrix of the maturity thereof. She did not pay or offer to pay the same or any part thereof, and the appellee elected to declare the note due and to rescind the contract for the sale of the land, and, after notifying the administratrix of the election and rescission, brought this suit in the District Court to recover the land. The appellee then owned and held· the note, but has never presented the same for approval and allowance as a claim against the estate.

The appellant, by appropriate pleas in which the above stated facts are alleged, questioned the jurisdiction of the District Court, and denied the right of the appellee to rescind the contract and recover the land.

It is well enough, perhaps, to state some of the general rules of law applicable to contracts like the one under consideration. When, on the sale of land, the whole or part of the purchase money is not paid, and the vendor's lien is retained in the deed, or in the notes given for the deferred payments, title does not vest in the vendee, and the contract is executory. In such case, the superior title remains in the vendor and only passes to the vendee upon compliance by him with the terms of the contract. If the vendor does all that is required of him by the contract,· and the vendee makes default, the former may rescind the contract and recover the land. When the right of rescission .exists, the vendor has a choice of remedies.; he may abandon the contract and recover the land, or he may affirm the contract and have judgment for his debt with a foreclosure of the vendor's lien. The authorities bearing on these· propositions are too numerous to be cited. Beginning with the case of Browning v. Estes, 3 Texas, 463, and ending with the case of Trust Company v. Beckley, 93 Texas, 267, they may be found in nearly all the volumes of our Reports. The last case decided by this court on the question is that of Efron v. Burgower, 57 Southwestern Reporter, 306. The cases of McIlvain v. Allen, 58 Texas, 383; Land Company v. Boon, 73 Texas, 548, and White v. Cole, 87 Texas, 500, may be cited as being particularly pertinent. In this case only a small part of the purchase money was paid, a note was given for the deferred payment, and the vendor's lien was retained both in the deed and note. The superior title, therefore, remained in the mortgage company, and as the contract has not been complied with by the vendee or by his heirs or legal representatives, it is still in the company. The rights of the company under the contract were not affected or destroyed by the death of Curran. The estate took merely the interest of Curran under the contract, and held the same subject to all the terms and conditions of the contract. · The death of Curran did not have the effect to take from the company the superior. title and vest it in the estate. Browning v. Estes, 3 Texas, 463; Estes v. Browning, 11 Texas, 237; Jacks v. Ivory, 30 S. W. Rep., 716; Herman v. Geisecke, 33 S. W. Rep., 1009; Loan Co. v. Willis, 47 S. W. Rep., 389.

As the superior title of the company was not affected or destroyed by Curran's death, its right to reclaim the land depended only on a default. The interest matured at the time specified in the contract, regardless of Curran's death, and the failure to pay the interest according to

the terms of the contract was a breach thereof and constituted a default. The appellee's remedy by rescission thereupon became effective, and could only be defeated by the estate paying the note, or showing a state of facts which would make a rescission inequitable. The estate has not paid or offered to pay the balance due on the note, and is in such condition that it can never do so. If rescission should be refused and the appellee driven into the probate court to collect its debt, the lands in controversy would be appropriated to the payment of the debt, and the estate, instead of being benefited by such a course, would be burdened with an unpaid balance after the land was exhausted. The only practical effect of such course would be to impose on the company an unnecessary expense, and it is not the policy of the law to bring about such a result.

No delinquency is charged against the company except the failure to present the claim for interest to the administratrix for approval and allowance. The interest matured at the time provided by the contract, and it required no action on the part of the company to mature the interest or bring about a default. The contract was self-operative in these respects. The burden of preventing a default rested upon the estate, and, when the default occurrred, the company was not bound to pursue the debt and enforce its lien, but, at its election, could rescind the contract and recover the land.

It is contended by the appellant that the administratix had no authority to pay the interest until the claim therefor had been presented and allowed, and that the County Court had no power to direct or provide for such payment until the claim had been proved up as a claim against the estate. Article 5, section 16, of the Constitution gives to the county courts general jurisdiction of all matters pertaining to estates of deceased persons. We think it is clear that the power there conferred is sufficient to authorize those courts to do all things necessary for the protection and preservation of property belonging to estates. This power, of course, must be exercised as directed by statute, and whenever there is a statute regulating the procedure in such cases it will control the action of the court. While the statute prohibits the payment of any claim against an estate until it has been presented and allowed, the appellee's rights under the contract did not consist merely of a claim for money against the estate. The company held the superior title to the land and the estate the inferior title, and the rights of the estate in the land became forfeit upon a default. To prevent such default and forfeiture, by paying the interest according to the provisions of the contract, was a very different thing from paying the interest had the same been nothing more than a claim for money against the estate. It must be held that the court, by virtue of its general jurisdiction in such matters, had the power to take whatever action was necessary to protect and save the property belonging to the estate. However, in this case the power could not have been exercised, as the estate was utterly without funds or property out of which provision might have been made for the payment of the interest.

It is possible that cases might arise where the estate had material

rights under the contract and the condition of its affairs were such that it would be inequitable to permit a rescission. It will be time enough, when such case is presented, to consider and decide the questions involved therein. In the case before us the estate has no equity in the lands sued for which could be protected by refusing a rescission.

The question of jurisdiction alone remains. The Constitution confers on the district courts exclusive jurisdiction of all suits for the trial of title to land. The appellee's suit was brought to try the title to the lands in controversy, and could be maintained only in the district court.

It has been repeatedly held that an action of trespass to try title was the proper remedy in suits like the one at bar, and it is clear that the county court would not have jurisdiction of such an action. If it had been shown on the trial that the appellee was not entitled to a rescission, it may be that the company would have been compelled to go into the probate court for relief. As this was not shown, it is unnecessary for us to decide that question.

We find no error in the judgment of the court below, and it is affirmed.

*Affirmed.*

Writ of error refused.