## LIZZIE LYSTER ET AL. v. JULIA M. LEIGHTON.

### Decided May 10, 1904.

**1.—Community Property—Innocent Purchaser—Notice—Presumption.**

A wife joined the husband in a conveyance of community property which was afterwards reconveyed to the husband who, after the death of the wife, again sold the land to one under whom defendants claim as innocent purchasers. Held, that even if the relation of husband and wife, as recited in the first deed of conveyance, be presumed to exist until dissolution is shown, still defendant's claim of innocent purchaser is a defense against an action by the heirs of said husband and wife, since they had no notice that the wife was dead at the time the land was conveyed to the person under whom they claim.

**2.—Trespass to Try Title—Legal or Equitable—Stale Demand.**

When a title, either legal or equitable, sufficient to sustain an action of trespass to try title, is asserted by a plaintiff the defense of stale demand is not available.

Error to the District Court of Harris. Tried below before Hon. Norman G. Kittrell.

*Jacob C. Baldwin,* for plaintiffs in error.

*E. P. & Otis K. Hamblen* and *W. H. Scott,* for defendant in error.

PLEASANTS, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by plaintiffs in error against the defendant in error to recover an undivided interest in a tract of 100 acres of land in Harris County fully described in plaintiffs' petition. The evidence shows that the 100 acres of land was the community property of Thomas C. and Julia H. Nelson, who were the parents of appellant Lizzie Lyster. After the death of Julia H. Nelson, Thomas C. Nelson sold the land to John T. Mallalieu, through whom defendants in error claim title. This sale was not made for the purpose of paying community debts, and appellant Lizzie Lyster as an heir of her mother and deceased brothers and sisters has title to an undivided 105-384 of said land unless title thereto was acquired by defendants in error as purchasers for value without notice of the title of said plaintiffs in error.

The facts bearing upon this issue as disclosed by the record are as follows: Thomas C. Nelson first acquired title to the land by conveyance from Rebecca Williams on November 3, 1865. On November 27, 1872, Thomas C. Nelson joined by his wife, Julia H. Nelson, for a recited consideration of $510 conveyed the land to A. C. McMillan. This deed recites that the grantors therein are residents of Galveston County. On September 2, 1873, McMillan for a recited consideration of $200 reconveyed the land by special warranty deed to Thomas C. Nelson. Julia H. Nelson died intestate March 12, 1876, and Thomas C. Nelson died in February, 1901. On March 14, 1892, Thomas C. Nelson for a recited consideration of $1000 conveyed the land to Malla-

lieu. As before stated defendants in error claim title under Mallalieu. The date of their purchase is not shown, but the trial court finds that the uncontradicted evidence establishes that defendants in error at the time of their purchase had just come to this State and knew nothing of Nelson's family history, and that they employed counsel to examine the title to the land and bought same upon the assurance that the title was perfect, paying therefor the sum of $1500, which was its full value. Plaintiffs in error are not shown to have asserted any claim to the land prior to January, 1903. There is no evidence that Nelson and wife ever lived in Harris County, and the court finds that Nelson resided in Galveston County at the time he purchased from McMillan.

It is well settled that one who purchases land for value from the holder of the legal title will be protected against the claim of the beneficial owner provided he has no notice of such claim at the time of his purchase, and this defense is available to a purchaser from the husband after the death of the wife of community property held in the name of the husband. Edwards v. Brown, 68 Texas, 329; Pouncy v. May, 76 Texas, 565; Patty v. Middleton, 82 Texas, 586.

If it be conceded as contended by plaintiffs in error that defendants in error are charged with notice of the recital in the deed from Thomas C. Nelson and Julia H. Nelson, that on November 27, 1872, the date of said deed, the said Julia H. Nelson was the wife of Thomas C. Nelson, knowledge of that fact can not be held notice of the existence of such marital relations on September 2, 1873, when the land was reconveyed to Thomas C. Nelson, unless it be held that when once the marriage relation is shown to exist its continuance will be presumed until its dissolution is shown. If such presumption obtains then defendants in error must be held to be innocent purchasers, because they had no notice of the fact that Mrs. Nelson was dead at the time the land was conveyed by her husband to Mallalieu nor at any time prior to defendants in error's purchase.

We think upon the facts found the trial court correctly held that defendants in error were entitled to hold the land as innocent purchasers for value. Hall v. Gwynne, 4 Texas Civ. App., 109; Mangum v. White, 16 Texas Civ. App., 254; Smith v. Olsen, 23 Texas Civ. App., 458.

The trial court further held that stale demand was available as a defense to this suit and that the facts found sustained such defense.

This holding was error. It is now well settled that when the title asserted by a plaintiff is sufficient to sustain an action of trespass to try title, it matters not whether such title be legal or equitable, the defense of stale demand is not available and the plaintiff's right of recovery in such case is barred only when the defendant shows adverse possession under the statute of limitation of actions for the recovery of land. Secrest v. Jones, 21 Texas, 121; Trinity Lumber Co. v. Pinckard, 4

Texas Civ. App., 681; Martin v. Parker, 26 Texas, 253; Stafford v. Stafford, 96 Texas, 106, 70 S. W. Rep., 75; Lochridge v. Corbett, 6 Texas Ct. Rep., 943; Betzer v. Goff, 35 Texas Civ. App., —, 9 Texas Ct. Rep., 867.

We are of opinion that the judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused.