CORBETT v. ALLMAN. (No. 8404.)*

(Court of Civil Appeals of Texas. Ft. Worth. June 17, 1916. On Motions for Rehearing, Oct. 14, 1916. Rehearing Denied Nov. 11, 1916.)

1. TRESPASS TO TRY TITLE ⚖=57—IMPROVEMENTS—STATUTE—EQUITABLE PRINCIPLES.

Although the right to recover for improvements in good faith is established by Vernon's Sayles' Ann. Civ. St. 1914, art. 7760, yet to avail himself of the right one must show himself ready and willing to do equity; the right being one founded in equity.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 88; Dec. Dig. ⚖=57.]

2. TRESPASS TO TRY TITLE ⚖=4—EFFECT OF VENDOR'S LIEN—LIMITATION OF ACTION ON NOTES.

A purchaser in possession under a land contract, on which he paid part cash and was to execute notes for the balance, which notes were never executed by him, could not, without tendering the balance, recover the land in trespass to try title, by pleading and proof that the notes would have been barred by the four-year limitation if they had been executed; such action amounting to a repudiation of the contract under which he held.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 4; Dec. Dig. ⚖=4.]

3. TRESPASS TO TRY TITLE ⚖=25—LIMITATIONS.

In trespass to try title, the pleading of stale demands is not available as a defense, where one equitable claim is asserted against another.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 30, 31; Dec. Dig. ⚖= 25.]

4. TRESPASS TO TRY TITLE ⚖=47(1), 57—REMEDY OF PURCHASER — LIEN FOR PURCHASE MONEY AND VALUE OF IMPROVEMENTS.

A purchaser in possession of land under a land contract, on which he paid part cash and was to execute notes for the balance, which notes were never executed by him, who brought trespass to try title, alleging the notes, if executed, would have been barred by the four-year limitation, and not tendering the balance of the purchase price, thereby deprived himself of the right to recover for the improvements, since such suit was an attempt to repudiate the contract under which he went into possession; but he was entitled to judgment vesting title in him upon payment of the balance of the purchase money, with costs, by reason of his improvement of the land through years of effort.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 69, 88; Dec. Dig. ⚖= 47(1), 57.]

On Motions for Rehearing.

5. APPEAL AND ERROR ⚖=931(3)—PRESUMPTIONS—FINDINGS.

Where no finding is made on a certain point, but the testimony thereto is uncontradicted, a finding in accordance with the testimony will be imputed to the lower court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3764; Dec. Dig. ⚖=931(3).]

6. BILLS AND NOTES ⚖=534 — ATTORNEY'S FEES—RECOVERY IN COLLATERAL SUIT.

Where purchaser in possession sued for title to land, claiming the notes he would have executed therefor, if they had been presented, would have been barred, and defendant recovered, defendant was not entitled to the stipulated attorney's fees on the notes, since his recovery was not on the notes, but in equity on his superior title to the land and after long delay in prosecuting his claim.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1946, 1947; Dec. Dig. ⚖= 534.]

Appeal from District Court, Eastland County; Thomas L. Blanton, Judge.

Action by Chas. Allman against W. C. Corbett and others. From the judgment, the named defendant appeals. Reformed and affirmed.

Earl Conner, of Eastland, for appellant. J. R. Stubblefield, of Eastland, for appellee.

BUCK, J. Appellee, Charles Allman, instituted this suit in the district court of Eastland county against the following parties and the unknown heirs of each: W. C. Corbett, Matt Finch, Thomas Tinsley, William Savoy, and E. M. Ewing. The suit was in the form of trespass to try title, and involved 100 acres out of the Matt Finch survey. Plaintiff further pleaded the 10-year statute of limitation against all parties defendant. As to defendant Corbett, plaintiff pleaded specially that on April 6, 1899, Corbett purchased at sheriff's sale the property

in question and received the sheriff's deed covering the same, and on April 29, 1901, said Corbett contracted and agreed with plaintiff to convey to him by general warranty deed said premises, for the consideration of $300 and the payment of all taxes on land, said $300 to be payable in the following amounts and upon the named dates, to wit: $39.80 in cash on the delivery of said contract, and the balance in four annual payments, evidenced by notes bearing date May 1, 1901, and due, respectively, three, four, five, and six years after date, all bearing interest from date at the rate of 10 per cent. per annum and providing for the usual attorney's fees. He alleged that the cash consideration and taxes due had been paid, and that the plaintiff had been ready and willing to perform his part of the said contract, but that the defendant Corbett had failed and refused to deliver a deed to the property, and the plaintiff did not execute said notes. Plaintiff further pleaded that the notes provided for in the executory contract would have, if they had been executed, matured more than four years next before the filing of his suit, and that therefore defendant Corbett's right to recover thereon, if any, was barred by limitation. Plaintiff prayed for the cancellation of the notes which were agreed to be executed and of all the rights which might be possessed by defendant Corbett on account of the said contract, the removal of any cloud upon plaintiff's title, and that, upon hearing, title be vested in him in fee simple against all defendants.

Plaintiff, in his supplemental petition, pleaded valuable improvements made in good faith in an amount alleged to be $2,870, and in the alternative prayed for judgment in his favor for said amount.

Defendant Corbett in his answer pleaded the general denial and the general demurrer, and specially excepted to plaintiff's petition, in that it clearly appeared from said pleading that plaintiff was holding under and by virtue of the written contract to convey, and that plaintiff had repudiated the same and was seeking a cancellation of such contract by virtue of which he acquired possession of the lands sued for, and was not seeking to comply with the terms of said contract, and failed to allege that his possession had been disturbed or threatened, and therefore he was not entitled to recover against defendant for valuable improvements made. Defendant further pleaded the contract of sale set out in the plaintiff's petition, and the promise of plaintiff to pay the sum of $3 per acre for the land described in his petition, exclusive of all taxes and the sum of $39.80 paid to the agent as a commission. The only difference in the allegation as to the agreement as to the execution of the notes was that defendant alleged said notes were to bear only eight per cent. interest. Defendant denied that plaintiff had ever made any request of him for the execution and delivery of a deed and alleged that, if he had done so, defendant would have complied with such request. He further alleged the insolvency of plaintiff, and the latter's repudiation of the agreement and contract and trust relation that existed between plaintiff and this defendant, and that it was agreed between plaintiff and defendant that said notes to be executed by the plaintiff should be vendor's lien notes and constitute a lien upon the lands described. Defendant prayed, first, for judgment rescinding said contract of sale and vesting title in him to the land and for writ of possession, and, in the alternative, that he have judgment for his debt, principal, interest, and attorney's fees, and have a foreclosure of the purchase-money lien provided in the notes agreed to be executed.

Upon a trial before the court, judgment was awarded plaintiff, decreeing in him title against all other parties defendant, except defendant Corbett, and awarding him as against W. C. Corbett a recovery in the sum of $1,620 for permanent improvements placed on the land, less the value of the use and occupancy of the land since 1901, and giving him an equitable lien on the land to secure the payment of said amount. Judgment was rendered in favor of Corbett for the recovery of the land, subject to the equitable lien in favor of Allman for improvements. From this judgment, Corbett appeals.

Defendant Corbett's special exception No. 2 was as follows:

"And specially excepting to that portion of said pleadings wherein it is sought to recover for valuable improvements placed on the land sued for, he says that the same is insufficient in law, in that it clearly appears from said pleadings that plaintiff is holding under and by virtue of a written contract to convey, and has repudiated the same and seeks a cancellation of such contract, and by virtue of the terms of which he acquired possession of the lands sued for, and does not seek to comply with such terms, and it further appears that his possession alleged has not been threatened or disturbed, and therefore he is not entitled to recover valuable improvements against this defendant, grantor in such contract to convey."

Appellant's first assignment of error is urged to the action of the court in refusing to sustain and in overruling this exception. The fourth assignment reads as follows:

"The trial court committed prejudicial error herein, in rendering judgment in favor of appellee, Allman, for $1,620, for improvements in good faith, because the same was not supported by either the pleadings or evidence in this: Appellee Allman, sued in trespass to try title, and pleaded title by limitation as against appellant, and sought a repudiation of a written contract of purchase entered into by and between him and appellant, under the terms of which and by reason of which he went into actual and immediate possession, and it appeared from the pleadings of appellant that he first sought a rescission of such contract, the same having been repudiated by appellee, and, second, for specific performance, and the evidence, without contradiction showed that appellee Allman, went

into possession of the lands involved in this suit under and by virtue of said contract of purchase; that under the terms of such contract and the evidence, appellant was not at the time of the institution of the suit required to execute any general warranty deed to appellee to said lands; that he would have done so, however, had the same been requested by appellee, and upon a compliance by appellee of the terms of such contract to be by him performed; that appellant had never sought to oust appellee, or a rescission of such contract prior to the time of the institution of this suit by appellee; that appellee was not disturbed in his possession, nor was his possession threatened, by any adverse claimant to said lands, or by reason of any outstanding legal title in any one else, and therefore he was not entitled to the value of any improvements placed by him thereon, he not being an innocent purchaser in good faith of said lands as to appellant."

[1-4] The right to recover for improvements in good faith, while established by statute (article 7760, Vernon's Sayles' Texas Civil Statutes), is yet a right founded in equity, and in its enforcement equitable rules apply. Patrick v. Roach, 21 Tex. 256; Eberling v. Deutscher Verein, 72 Tex. 339, 12 S. W. 205; Wood v. Cahill, 21 Tex. Civ. App. 38, 50 S. W. 1071. Hence, before one can avail himself of this right, whether under the statute or under the general rules of equity, he must show himself ready and willing to do equity. If by his pleadings he repudiates the contract or agreement by virtue of which he went into possession, and pleads the statute of limitation against his grantor, denying the title and right which he acknowledged and accepted at the time of taking possession, he may exclude himself from the operation of the equitable powers of the court. In Efron v. Burgower, 57 S. W. 306, the Court of Appeals for the Fifth District held, where in an action by a grantor to recover of grantees land on which a vendor's lien was reserved, and in the alternative to foreclose the notes evidencing such lien, the defendants made no tender of the balance due on the purchase price, but pleaded the statute of limitation to the notes, that the defendants, in urging the statute of limitation to the notes, compelled a rescission of the contract of sale, and deprived themselves of any benefits that might flow from a foreclosure thereof, and that plaintiff was entitled to a judgment for the recovery of the land, free of any equitable lien defendants might have had for improvements made in good faith, etc. See, also, Moore v. Giesecke, 76 Tex. 543, 13 S. W. 290; Johnson v. Schumacher, 72 Tex. 334, 12 S. W. 207; Hintze v. Krabbenschmidt, 44 S. W. 38; King v. Maxey, 28 S. W. 401.

We think the trial court here correctly held that the statute of limitation as pleaded by defendants was not available in this character of suit. 38 Cyc. 1206; Stafford v. Stafford, 96 Tex. 106, 70 S. W. 75; Martin v. Parker, 26 Tex. 253; Secrest v. Jones, 21 Tex. 121; Lyster v. Leighton, 36 Tex. Civ. App. 62, 81 S. W. 1033. Even where one equitable claim is asserted against another, the plea of stale demand is not available as a defense. Wright v. Dunn, 73 Tex. 293, 11 S. W. 330; Scarborough v. Arrant, 25 Tex. 129. By plaintiff's repudiation of the contract under which he went into possession of the land, and his plea of limitation, and his prayer for the cancellation of the equitable lien in favor of the defendant grantor, plaintiff, under strict rules of equity, deprived himself of a right to recover for improvements in good faith. But as no question is raised as to defendant's right to recover the title to the land, and as the evidence amply supports the finding of the court that the improvements placed on the land by the plaintiff were made in good faith, we have concluded that, in sustaining appellant's first and fourth assignments, we are not required to deny plaintiff all equitable relief, but that we are permitted, in the exercise of our equitable powers, to reform the judgment to this extent, to wit: That defendant have judgment, with writ of possession to the land in controversy, and that plaintiff recover nothing upon his plea for permanent improvements made; but it is further provided that a stay of judgment be granted, so that if, on or before November 1, 1916, plaintiff shall pay, or cause to be paid, to defendant Corbett the sum of $300, with interest at 8 per cent. as agreed upon, from May 1, 1901, and all costs of suit, that then title to the land shall be vested in plaintiff.

Reformed and affirmed.

### On Motions for Rehearing.

Appellee insistently urges error in our original opinion in several respects. Upon a careful review of the record, we are of the opinion that the principal sum found by us to be due on the original contract is properly subject to some deductions. The contract of sale between Corbett and Allman, or Allmon (both spellings occurring in the record) provided that the purchase price should be $300, payable as follows:

"(1) The sum of $39.80 on the delivery of this contract. (2) All taxes now due or that may fall due on said land at such time as will prevent it being sold for taxes, and all costs connected with such taxes. (3) The balance of said $300 in four equal promissory vendor's lien notes," etc.

[5] The court did not specifically find that plaintiff made the $39.80 payment, but the uncontroverted testimony of plaintiff was that he did, and therefore we should probably impute to the court such a finding in favor of the judgment. Paragraph II of the court's findings of fact reads as follows:

"That at such time there was due in back taxes, penalties, and costs the sum of $74.74."

There is no finding that the plaintiff paid this amount. Paragraph VI of the court's findings merely says:

"That the plaintiff has each year paid the current taxes on said property since the date of said contract."

Paragraph VIII finds:

"That the said defendant Corbett has paid no taxes whatever upon the said property since the date of said contract."

There is some evidence, the testimony of M. B. Harris, witness for plaintiff, that back taxes were paid on a larger tract, of which plaintiff's 100 acres, the land in controversy, was a part, and that plaintiff paid a part of these back taxes. There is no satisfactory evidence as to what amount was in fact paid by plaintiff. However, perhaps, in this state of the record, we should impute to the court, in support of the judgment, the finding that the plaintiff in fact paid the $74.74. These two sums amount to $114.54, leaving the balance due on the purchase price of $185.46. This amount, instead of $300, as designated in our original judgment, with 8 per cent. interest from May 1, 1901, would constitute the sum, the payment of which by plaintiff on or before November 1, 1916, should be made the condition of vesting title to the land in him, and to this extent we grant appellee's motion to reform the judgment. It might be proper to state that plaintiff's own pleadings with reference to what the consideration was recite it to have been "$300 *and* [italics ours] the payment of all tax"; but by reference to the contract set forth in the statement of facts, and pleaded in extenso by defendant Corbett, we find the past-due taxes to be paid by plaintiff were a part of the $300 consideration.

As to other objections urged by appellee, we think they should be overruled. Appellee brought this suit in form of trespass to try title, and specially pleaded the contract, and his promise to pay the balance of the purchase price, yet he specially pleaded the statute of limitation as to such obligation, and also pleaded the 10-year statute of limitation founded upon adverse possession. He never pleaded a sufficient tender, nor did he in fact tender the unpaid purchase price. Certainly, he did not offer to do equity, and was in reality in no position to invoke the equity powers of the court. Pitman v. Robbins, 59 S. W. 601; Curran v. Texas L. & M. Co., 24 Tex. Civ. App. 499, 60 S. W. 466, 467; Diffie v. Thompson, 88 S. W. 381, 382; Land & Cattle Co. v. Boon, 73 Tex. 548, 556, 11 S. W. 544; White v. Cole, 87 Tex. 500, 29 S. W. 759. Yet it was apparent that there were strong equitable reasons why plaintiff should not be deprived of his land, improved through years of effort, and, though he had not placed himself in a very favorable attitude to demand equity, this court felt justified in providing in its judgment that by the payment of the unpaid purchase price within the time stipulated, with interest at the rate agreed upon originally by the parties, title to the land would be vested in plaintiff. Such a course was pursued by the court in Pitman v. Robbins, supra, and has been pursued in other cases which might be cited.

What we have just said answers the urgent insistence of appellant in his motion to the effect that upon the grounds upon which appellee has elected to wage his contest this suit should be decided; that he has staked his whole case upon the defense of limitations, and, having lost, he should be accorded no equitable relief. But we adhere to our former disposition of the cause in this respect, and feel that in so doing we are sustained by authority and by a sense of right and justice.

[6] Appellant further contends that in any event he should be allowed to recover his attorney's fees, as the contract provided that the notes to be executed were to contain the usual stipulation as to attorney's fees. If appellant had recovered on the notes which were to have been executed, he would have been entitled to his attorney's fees. But he did not so recover, but upon his superior title to the land. We do not think in this adjustment in equity, after so long a delay in prosecuting his claim, he is hardly justified in demanding the pound of flesh, or that we would be justified in including in the stipulation, conditioned as the basis for vesting title in appellee, attorney's fees.

The judgment of this court will be reformed, so as to provide that if appellee shall on or before November 1, 1916, pay into the trial court for the benefit of appellant the sum of $185.46, with 8 per cent. interest from May 1, 1901, with all costs, the title to the land in controversy shall vest in appellee; otherwise, as provided in our original judgment.

Appellee's motion, save as indicated, is overruled, and appellant's motion is also overruled.