JOHNSON et al. v. FIRST NAT. BANK OF
MARLIN. (No. 5814.)

(Court of Civil Appeals of Texas. Austin. Nov.
7, 1917. Rehearing Denied Dec. 12, 1917.)

1. EXECUTORS AND ADMINISTRATORS ⬥⟿435 —
ACTION—JURISDICTION—RECOVERY OF LAND.

Title and recovery of land and the barring of
equity of redemption alone being involved, the
district court has jurisdiction, though an admin-
istrator and guardian be defendants.

2. ELECTION OF REMEDIES ⬥⟿7(1)—BRINGING
ACTION—ESTOPPEL IN PAIS.

The mere bringing of action, dismissed be-
fore judgment, and in which no element of estop-
pel in pais has arisen, no advantage having aris-
en, and no detriment having been occasioned, is
not an election.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Election.]

3. ELECTION OF REMEDIES ⬥⟿7(1)—BRINGING
ACTION—AVAILABLE REMEDY.

That the bringing of an action may be an
election, the remedy sought must be available
under the existing facts; and so not where the
action is not maintainable because notes sued on
had not been presented to administrator and
guardian.

4. TRESPASS TO TRY TITLE ⬥⟿50—COSTS.

Costs should not be adjudged against unnec-
essary defendants in trespass to try title, who
promptly disclaim; nor should costs incurred in
improperly making such parties defendants be
adjudged against the other defendants.

Appeal from District Court, Falls County;
Richard I. Munroe, Judge.

Action by the First National Bank of Mar-
lin against Maggie L. Johnson and others.
From an adverse judgment, defendants ap-
peal: Reformed and affirmed.

G. W. Barcus, of Waco, for appellants. W.
J. Finks and Spivey, Bartlett & Carter, all
of Marlin, for appellee.

Findings of Fact.

JENKINS, J. The property in controver-
sy, a house and lot in Marlin, was sold to R.
H. Johnson for the expressed consideration
of $1,000 cash and three vendor's lien notes,
one for $700, due March 11, 1910, one for
$750, due March 11, 1911, and one for $850,
due March 11, 1912, each bearing interest at
the rate of 8 per cent. per annum, and provid-
ing for attorney's fees, and retaining a ven-
dor's lien on the property to secure the pay-
ment of the notes, as did also the deed. On
January 5, 1911, R. H. Johnson died, leaving
surviving him his wife, Maggie L. Johnson,
and his children, C. W., Joe E., H. Grady,
Paton Ashley, Lola, and Bertie, now Bertie
Magee, wife of J. H. Magee. The land in
controversy was occupied by R. H. Johnson
during his lifetime as a homestead, and has
been so occupied by Maggie L. Johnson up to
the present time.

Maggie L. Johnson prior to the beginning
of this suit became insane, and her son C.
W. Johnson was appointed her guardian,
and duly qualified as such. He also qualified

and was acting at the time this suit was
brought as administrator of his father, R.
H. Johnson.

The notes above referred to, together with
the superior title reserved in said deed, were
transferred to the appellee herein prior to
October 9, 1914. On the date last above men-
tioned appellee filed suit in the district court
of Falls county against Maggie L. Johnson
and all of said children, and against C. W.
Johnson, as administrator of the estate of R.
H. Johnson, and as guardian of Maggie L.
Johnson, to recover on said notes.

The appellants herein, defendants in said
suit, excepted to the petition therein, in that
it appeared therefrom that the notes sued on
had never been presented to the administra-
tor of the estate of R. H. Johnson, nor to the
guardian of Maggie L. Johnson. The plain-
tiff in said suit dismissed the same without
prejudice, and thereafter, on the 3d of March,
1915, filed this suit: First, in the ordinary
form of trespass to try title against all of
appellants; and, second, in the alternative,
to foreclose the vendor's lien on said land,
making the estates of R. H. Johnson and of
Maggie L. Johnson and the said children
parties for the purpose of barring their eq-
uity of redemption, but not seeking a per-
sonal judgment against any of them. It was
agreed that the land in controversy did not
at the time of the trial of this suit exceed
the value of the notes sued on, and that there
were back taxes due on the same to the
amount of about $250, and that Mary L.
Johnson had continuously occupied the same
as a homestead without payment of rents.
The case was tried before the court without
a jury, and judgment was rendered that ap-
pellee recover the land in controversy.

The defendants C. W. Johnson, individual-
ly and as guardian of the estate of Paton
Ashley Johnson, Lola Johnson, a feme sole,
Joe Johnson, H. Grady Johnson, and Mrs.
Bertie Magee, and her husband, J. H. Magee,
promptly filed disclaimers to the land in
controversy. The court rendered judgment
against all of the defendants, both as to those
who filed disclaimers, as well as against the
estates of Maggie L. Johnson and R. H. John-
son, for all costs that had been incurred up
to the time said disclaimers were filed, and
against the estates for all costs that had
been incurred since the disclaimers were filed.

After the death of R. H. Johnson, and
prior to the filing of either of the suits men-
tioned in this statement of facts, C. W. John-
son, in his capacity as guardian of the es-
tate of Maggie L. Johnson, brought suit
against the heirs of R. H. Johnson, deceased,
alleging that the purchase money which was
paid for the land in controversy was paid
out of the separate estate of Maggie L. John-
son, and that said land was her separate
property. Judgment was rendered establish-
ing such claim.

⬥⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Opinion.

The contentions of appellants are correctly stated by appellee in its brief as follows:

(1) That the plaintiff is not entitled to recover on the notes sued on, or for the land, because Maggie L. Johnson is a person of unsound mind, and guardianship of her estate as such is pending, and therefore the district court has no jurisdiction over her estate, or any part thereof; also that the guardian of her estate cannot pay the debts of his ward, except on orders of the probate court.

(2) That the district court has no jurisdiction, because administration is pending on the estate of R. H. Johnson.

(3) That plaintiff cannot recover the land in the district court, because there was guardianship of the estate of Maggie L. Johnson, non compos mentis, pending, and it appearing from the petition that the land is claimed by her.

(4) That plaintiff cannot recover on the notes, because they were never presented to R. H. Johnson, administrator, nor to the guardian of Maggie L. Johnson.

[1] The Constitution of this state (section 16, art. 5) confers upon the probate court exclusive jurisdiction to settle, partition, and distribute estates of deceased persons, including in such distribution the setting aside of homestead for the survivor of the community and the minor children; but this is not a suit for either of said purposes. It is a suit to recover title and possession of land, and the district court has exclusive jurisdiction of suits of this nature. In so far as it was a suit in the alternative upon the notes, it was not to establish an indebtedness against the estate by reason of said notes, but simply to bar the equity of redemption, if any, in said estate. The allegations in plaintiff's petition are that each of the defendants had forcibly entered said land and dispossessed plaintiff therefrom. There was no question of administration as to any of the defendants, except the administration of R. H. Johnson and Mrs. Maggie L. Johnson. Where plaintiff has an independent cause of action against others than the administrator, of which the district court has jurisdiction, an administrator may be joined in such suit. Stewart v. Webb, 156 S. W. 537. However, the allegation in this case is that both the administrator of R. H. Johnson and the guardian of Maggie L. Johnson were trespassers. If such was the case, the district court would have jurisdiction, notwithstanding the pendency of administration.

It is true, as alleged by appellee, that the guardian of Mrs. Johnson could not pay her debt—treating the vendor's lien as her debt—until such payment had been ordered by the probate court; but, if he desired to pay said notes, it was his business to have procured an order for such payment. Curran v. Mortgage Co., 24 Tex. Civ. App. 499, 60 S. W. 466.

Where one claims title adversely to an administrator, or a guardian, the district court has jurisdiction. Wadsworth v. Chick, 55 Tex. 241. Likewise the district court has jurisdiction to set aside a deed obtained by fraud, though administration be pending. Groesbeck v. Groesbeck, 78 Tex. 665, 14 S. W. 792. In short, the district court has jurisdiction in all cases involving title to land.

[2] It is the contention of appellants that judgment should have been rendered in their behalf for the reason that by filing suit upon the notes, as recited in the findings of fact, the appellee has elected to treat the sale, which was executory upon its face, as executed, and to rely upon recovery of the debt as evidenced by the notes. There are cases where equity would treat such a suit as an election, as in the case of McCord v. Hames, 38 Tex. Civ. App. 239, 85 S. W. 504, cited by appellants, where it was shown that the notes were renewed six years after maturity, and that valuable improvements to the amount of $4,960 had been put upon the land. The agreed consideration for the land was only $1,240, and the purchaser offered to pay the balance of the purchase money. There are no equities in this case which would demand a departure from the ordinary rule of law as to election of remedies. This doctrine is correctly stated in 9 R. C. L. 960, as follows:

"An election of a remedy which has the effect of an estoppel in pais, or an estoppel by record, in that class of cases in which the remedies are really inconsistent, is generally considered made when an action has been commenced on one of such remedies. Some courts go so far as to say that in such cases the choice of a remedy once made cannot be withdrawn or reconsidered, though no advantage has been gained, nor injury done by the choice, and no injury would be done by setting the choice aside. But the more reasonable rule is that the mere bringing of an action which has been dismissed before judgment, and in which no element of estoppel in pais has arisen, that is, where no advantage has been gained, or no detriment has been occasioned, is not an election."

Stone Cattle Co. v. Boon, 73 Tex. 555, 11 S. W. 544, and Ufford v. Wells, 52 Tex. 617, are in line with this statement of the law.

[3] The judgment of the district court upon this issue should be sustained for another reason, and that is that, in order to amount to an election, the remedy sought must be available (Bandy v. Cates, 44 Tex. Civ. App. 38, 97 S. W. 710). The remedy sought by appellee in the first suit, namely, judgment upon the notes, was not available at that time, for the reason that said notes had not been presented to the administrator, nor the guardian, for his approval, and this defense was pleaded by appellants in abatement of that suit.

[4] We think, however, that the court erred in its judgment as to costs. There is no reason shown why any costs should be adjudged against the defendants, who promptly pleaded disclaimer, nor against Maggie L. Johnson, for any costs incurred in improperly

making such parties defendants herein. Appellant alleged that the costs so incurred and adjudged against her amount to $71.40, and, as this is not controverted by appellee in its brief, we assume the same to be correct.

For the reasons stated, the judgment of the trial court is here reformed so that the appellee shall recover of appellants all costs in this behalf expended in the trial court, except $71.40, in lieu of all costs as adjudged by the court below. As thus reformed, the judgment of the trial court is affirmed.

Reformed and affirmed.

RICE, J., not sitting.