George A. SMOOT et al., Appellants,

v.

Joseph Garland WOODS, Appellee.

No. 16374.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 28, 1962.

Rehearing Denied Jan. 25, 1963.

Smoot & Smoot and Elmer H. Parish, Wichita Falls, for appellant George A. Smoot.

Elmer H. Parish, Wichita Falls, for appellant Ray G. Jones.

Nelson, Montgomery & Robertson and Allen D. Montgomery, Wichita Falls, for appellee.

BOYD, Justice.

Joseph Garland Woods sued George A. Smoot and Ray G. Jones in trespass to try title to 7/32nds of the minerals in and under four tracts of land in Archer County, and for damages. Trial was to the court, and from a judgment in favor of the plaintiff, the defendants appeal.

The suit involves mineral interests in two tracts in the Harvey Cox Survey and several tracts out of two H & T C RR Co. Surveys. The judgment awarded appellee recovery against appellant Smoot for title to an undivided 1/8 of the usual 1/8 royalty in the minerals in the two tracts in the Cox Survey, and 7/32nds of the usual 1/8 royalty in the minerals in tracts in the two H & T C RR Co. Surveys, together with the executive rights to execute mineral leases on and to receive bonuses and delay rentals from, together with any overriding royalty that may be reserved in, said leases, covering an undivided 31/32nds interest in a 34 acre tract in Section 16, H & T C RR Co. Survey. A money judgment in the amount of $4,743.88 was awarded appellee against appellant Smoot for money received by him on account of royalties. In addition to the recoveries mentioned, appellee was granted judgment against appellant Smoot for that portion of the money being held in suspense by Texaco, Inc., that is attributable to 1/8 of the usual 1/8 royalty in the minerals produced from the Cox Survey, and for that portion of the money held in suspense by Mobil Oil Company which is attributable to 7/32nds of 1/8 royalty in the tracts other than the Cox Survey. Recovery was awarded to appellee against appellant Jones for 3/32nds of the usual 1/8 royalty in the tracts in the Cox Survey; for $138.36, and for that portion of the money held in suspense from minerals produced from the Cox Survey which is attributable to 3/32nds of 1/8 royalty.

It was stipulated that H. H. Taylor and his wife, Minnie Taylor, were the common source of title. At the time of her death, Minnie Taylor had become and was the wife of appellee. By the provisions of her will she devised all her property to appellee. It is not claimed that either appellant has acquired from appellee any interest in the minerals involved except by estoppel, limitations and laches, later to be considered.

■ Without detailing the documentary evidence, we find that Minnie Taylor Woods at the time of her death owned all the interests claimed by the appellee in this suit.

In addition to pleas of not guilty, the two, three, five and ten years statutes of limitations, laches, and stale demand, appellant Smoot claims title to the interests recovered by appellee by virtue of a Sheriff's deed following foreclosure of an attachment lien.

On July 19, 1941, Packard Wichita Falls, Inc., recovered judgment against Minnie Taylor, at that time known as Mary Schoenberg, in the amount of $363.08, with foreclosure of an attachment lien. The service in the suit was by publication, and there was no answer or appearance by the defendant. An attachment had been issued, directed to the Sheriff of Archer County, commanding him to attach "so much of the property of Mary Schoenberg * * * as shall be of value sufficient to make the sum of Three Hundred Fifty & No/100 ($350.-00) DOLLARS and the probable costs of suit * * *." The Sheriff's return stated that the writ was executed by levying upon as the property of the defendant "all of the following described property, situated in ——— County, Texas, to-wit: The said Minnie Taylor retains a 1/32 of all the oil, gas, and other minerals in and under the following tracts of land." There followed a description of the land involved in this

suit. The judgment recited that an attachment had been levied on "An undivided interest of one-thirty second (⅟₃₂) of all oil, gas and other minerals in and under all that tract and parcel of land situated in Archer County, Texas, being a part of the Harvey Cox Survey, patented to the heirs of Harvey Cox by Patent No. 118, Vol. No. 115, Cert. No. 318, Abst. No. 67, said land being described as follows," and then followed a description of the four tracts involved in the suit, and the attachment lien as it existed on March 5, 1941, was foreclosed and the property was ordered sold to satisfy the judgment as under execution.

Appellant Smoot was the purchaser at the foreclosure sale, and the Sheriff's deed described the property sold as "all the estate, right, title and interest which the said Mary Schoenberg, also known as Minnie Schoenberg and Minnie Taylor had on the 26th day of February, A.D. 1941, or any time afterwards, of, in and to the following described premises, as described in said order of sale, viz.: An undivided interest of one-thirty second (⅟₃₂) of all oil, gas and other minerals in and under all that tract and parcel of land situated in Archer County, Texas, being a part of the Harvey Cox Survey, patented to the heirs of Harvey Cox by Patent No. 118, Vol. No. 115, Cert. No. 318, Abst. No. 67, said land being described as follows:" and there followed a description of the four tracts involved in this suit.

■ We are of the opinion that the Sheriff's deed did not convey more interest than he had theretofore levied upon. That interest was described as "⅟₃₂ of all the oil, gas and other minerals in and under" the four tracts of land. It is true that the foreclosure judgment ordered the property levied, upon sold "as under execution," and that Article 3816, Vernon's Ann.Tex.Civ.St., directs the officer making a sale under execution to "execute and deliver to the purchaser a conveyance of all the right, title, interest and claim which the defendant in execution had in and to the property sold." Article 301, V.A.T.S., provides that "The land so attached may be sold under execution after judgment, and the sale thereof shall vest in the purchaser all the estate of the defendant in attachment." It has been held, however, that property not levied upon should not be sold under execution. The lien attached at the time of the endorsement on the writ, and did not attach to property not levied upon. Riordan v. Britton, 69 Tex. 198, 7 S.W. 50. It is our opinion that appellant Smoot, as grantee in the Sheriff's deed, acquired title to no more than ⅟₃₂ of the minerals under the four tracts, of none of which the judgment deprives him.

Appellant Jones was the owner of the surface and some of the minerals under land in the Cox Survey. He filed a plea of not guilty, and pleaded the two, three, five and ten years statutes of limitations, as well as laches and stale demand.

■ The two years statute of limitation, pleaded by both appellants, applies to money received by them from oil runs, and since there was no recovery by appellee for those proceeds except for the last two years, no point is brought forward as to that statute of limitation.

■ Clearly, the case is not governed by the three years statute. There is no showing that either appellant held under title or color of title as defined by Article 5508, V.A.T.S.

■ Where minerals have been severed, the surface owner cannot claim adverse possession of the minerals by possession of the surface, but he must take actual possession of the minerals for the statutory period. Rio Bravo Oil Co. v. McEntire, 128 Tex. 124, 95 S.W.2d 381; Carminati v. Fenoglio Tex.Civ.App., 267 S.W.2d 449; 31-A Tex. Jur., p. 42, § 15. Conceding that production of minerals had continued for more than five years, we still are of the opinion that the five years statute is not applicable because neither appellant held under "a deed or deeds duly registered" covering the in-

terest awarded by the judgment to appellee. There must be a deed to the interest in dispute, for one cannot claim under the five years statute more than his deed purports to convey. Martinez v. Bruni, Tex.Com. App., 235 S.W. 549, and authorities there cited.

 The ten years statute is not applicable because there had been no production of minerals for that length of time.

 One point for reversal is that appellee is estopped to claim the interest sued for because as executor of his deceased wife's estate he swore that she had no interest in the property involved when he signed the inventory stating that she had no separate estate, and no community estate in Texas, "that have come to my knowledge." Appellants cite no authority, and we have found none, holding that a failure to list property of a decedent in the inventory has the effect of removing such property from the estate. In Republic Nat. Bank of Dallas v. Fredericks, 155 Tex. 79, 283 S.W.2d 39, the Supreme Court said: "* * * the recitals of inventory and appraisement by the terms of Article 3424, R.C.S., 1925 as amended, are not conclusive on the nature or extent of the deceased's estate." In Pryor v. Krause, Tex.Civ.App., 168 S.W. 498, it was held that even though an executor listed property in the inventory as the property of the deceased, he was not estopped from claiming it as his own.

 We do not believe the defense of laches and stale demand has been established. In Montgomery v. Trueheart, Tex.Civ. App., 146 S.W. 284, error refused, the court said: " 'It is now well settled that, when the title asserted by a plaintiff is sufficient to sustain an action of trespass to try title, it matters not whether such title be legal or equitable, the defense of stale demand is not available, and the plaintiff's right of recovery in such case is barred only when the defendant shows adverse possession under the statutes of limitations of actions for the recovery of land. Hardy

Oil Co. v. Burnham, [58 Tex.Civ.App. 285], 124 S.W. [221], 223; Duren v. [Houston & T. C.] Railway Co., 86 Tex. 287, 24 S.W. 258; Lowry v. McDaniel, [58 Tex.Civ.App. 424], 124 S.W. [710], 711; Lyster v. Leighton, 36 Tex.Civ.App. 62, 81 S.W. 1033.' "

A defendant cannot rely on the doctrine of laches where the plaintiff's right is based on a legal title. 41-A Tex.Jur., p. 726, § 178.

We have considered all of appellants' points and do not believe that error is reflected.

The judgment is affirmed.