BANK OF VIRGINIA ET ALS. V. SARAH P. HEDGES ET ALS.

In a suit to quiet title, where the plaintiff relies for title on ten years possession, it must appear that such possession was continuous; and should the plaintiff undertake to tack to his possession that of his tenant, it must clearly appear that he continued to exercise acts of ownership over the premises during the time which elapsed between the possession of plaintiff and that of his tenant.

ERROR from Collin. Tried below before the Hon. W. H. Andrews.

This was a suit by the defendants in error against the

plaintiffs in error to quiet title to 640 acres of land. Ver dict and judgment for plaintiffs, and defendants prosecute writ of error.

The facts are stated in the opinion.

*Throckmorton & Brown,* for plaintiffs in error.

*Burford & Jordan,* for defendants in error.

WALKER, J.—We should affirm the judgment in this case, but for the uncertainty in which the statement of facts leaves a material question.

The land was patented to the heirs of Joseph Strickland on the twenty-eighth day of November, 1845, Williams, the administrator of Strickland's estate, having procured a survey to be made sometime in 1842.

In 1847 John M. Goss and wife, now Mrs. Hedges, settled upon 320 acres of the land embraced in the Strickland patent, and held the same under a Mercer's Colony certificate until about the year 1854, improving and occupying the same. About this time Goss appears to have become aware of the fact that the land on which he had settled was covered by the Strickland patent, and he appears to have informed the witness, Naylor, of this fact, and that he purposed floating his certificate and locating elsewhere ; and so intending, he did leave the premises with his family. Shortly afterwards a brother of Goss entered into possession as tenant of John M., and a tenantcy under Goss is made out by the evidence, which continues up to the commencement of this suit.

But the question which interests us most in this case is whether or not this possession was broken in 1854 by John M. Goss leaving the premises. The facts do not satisfy our minds, nor do we think a jury should have been satisfied with them. If John M. Goss did continue to exercise acts of ownership and possession over the land during

the interval which elapsed between his moving away from and his brother going upon the premises, then there is no interruption of the statute, and the ten years statute of limitations settles the right of the appellees to 640 acres of the land. But if the adverse possession was broken at the time John M. Goss left the premises, his prior possession of six or seven years cannot be tacked to the subsequent possession of his tenants so as to make out a title under the ten years statute.

We feel it incumbent upon this court to reverse and remand this case, which is accordingly done.

REVERSED AND REMANDED.