CHANCY B. SHEPARD v. HEIRS OF SAMUEL CUMMINGS ET AL.

1. TRESPASS TO TRY TITLE—PLEADING.—Where the leading object of an action is to recover land, the additional allegation of the adverse claim being a cloud upon plaintiff's title will not change the character of the action from trespass to try title.

2. LACHES—LIMITATION.—A petition alleging title and possession in plaintiff in land, and an entry thereon by defendant within the shortest period of limitation, is good, and a demurrer suggesting laches should not prevail, although it be alleged that a deed lost many years before forms part of the chain of title.

3. LOST DEED.—While a suit to supply evidence of a lost deed, and to perpetuate testimony, would be subject to the plea of laches if not brought within a reasonable time after such loss, still the right to sue for the land and establish the title through said lost deeds would only be barred by statutes of limitation barring recovery of the land.

APPEAL from Austin. Tried below before the Hon. Livingston Lindsay.

Judgment was rendered sustaining a general demurrer to the petition, and plaintiff below appealed.

The facts are contained in the opinion.

*Seth Shepard*, for appellant, cited 1 Story's Eq. Jur., sec. 529; 2 Id., sec. 1520; De Cordova *v.* Smith, 9 Tex., 129; Tinnen *v.* Mebane, 10 Tex., 256; Carlisle *v.* Hart, 27 Tex., 353; McMasters *v.* Mills, 30 Tex., 592; Barrett *v.* Kelly, 31 Tex., 476; Flemming *v.* Reed, 37 Tex., 152; Gillespie *v.* Moon, 2 Johns. Ch., 602; Jackson *v.* Murray, 7 Johns. Ch., 21; Hughes *v.* Edwards, 9 Wheat., 489; Piatt *v.* Vattier, 9 Pet., 405; Bowman *v.* Wathen, 1 How. U. S., 189.

*Hunt & Holland*, for appellees, cited 1 Story's Eq. Jur.,

sec. 529 ; 1 How. U. S., 189 ; Glasscock v. Nelson, 26 Tex., 152 ; Brown v. Guthrie, 27 Tex., 611 ; Barrett v. Kelly, 31 Tex., 480 ; Flemming v. Reed, 37 Tex., 152 ; De Cordova v. Smith, 9 Tex., 144 ; Smith v. Hampton, 13 Tex., 462.

MOORE, ASSOCIATE JUSTICE.—This suit was brought on the twenty-third of February, 1873, by the appellant, Chancy B. Shepard, against Mrs. Nancy Vance and her husband, William L. Vance, and others, heirs of Samuel Cummings, deceased, and by amended and supplemental petitions, Hunt, Holland, Giddings, and a number of others who are said to claim some character of interest under said heirs or otherwise are also made parties defendant.

Appellant alleges that he is the legal and equitable owner of sixteen hundred and thirty-six acres of land in Austin county, being a part of five leagues originally granted to James Cummings, commonly known as the Cummings hacienda, being that part of the lower league and a half of said hacienda set apart to the heirs of said Samuel Cummings, deceased, by a decree of the District Court of Galveston county, made on the 20th day of July, 1867, in a suit between Hill and others and D. Y. and Rebecca Portis, Samuel A. Cummings, and said heirs of Samuel Cummings, deceased. Appellant further alleges that he was not a party to said suit, and in no manner bound or concluded by it; but that he adopts and acquiesces in the adjudication therein made, in so far as it designates and sets apart the portion of said land which devolved upon and descended to said Samuel Cummings, deceased, as one of the heirs of John Cummings, deceased, and seeks not to disturb the same to that extent and no further. Appellant also states that he owns and claims said land under and by virtue of a deed from said Samuel Cummings to his son James Cummings, and a deed from said James Cummings to himself, which deeds were executed and delivered about the ——— day of ———, 1840; but that said deeds are lost and destroyed,

and parol proof of their execution and contents will be made on the trial. Under and by virtue of said deeds appellant claims that he is the owner of all the right, title, and interest of said Samuel Cummings to lands in Texas, inherited by him as one of the heirs of John Cummings, deceased. And being thus, as he alleges, the legal owner of the land sued for, he avers in his original petition that the defendants therein, on the ——— day of ———, 1868, or thereabouts, by force and trespass, and without authority of law, and without plaintiff's consent, entered upon said land and committed divers trespasses, &c. And in the amended petition the other defendants are also alleged to be trespassers upon the land, though the dates of their trespasses are not stated in distinct terms. He also avers that the "claim made by defendant to the land constitutes a cloud upon his legal title."

The prayer of his petition is to be quieted in his title to said land, that a writ of possession issue for the same, and for a judgment removing such clouds, &c.

Appellees filed for answer a general and special demurrer, and for causes of special demurrer " say that plaintiff's demand, by his great laches and long delay in prosecuting the same, has become stale and barred by the statute of limitations."

The court sustained the demurrer; and appellant declining to amend, his suit was dismissed.

From this general summary of appellant's original and amended petition the judgment of the court, as we think, will be plainly seen to be erroneous. Although there was no indorsement on appellant's petition that the action was brought as well to try title as to recover damages, it is manifest that the suit, in its most important features, is an action to try title to land. The allegation that defendants assert a claim to the land which operates as a cloud upon plaintiff's legal title, and his prayer for a decree removing this cloud, does not change the real character of the suit.

If, however, it did, it would not alter our opinion as to the ruling of the court on the demurrer.

By the demurrer it is admitted that appellant was the owner of the land in 1868, and that defendants were trespassers, as alleged in the petition. While from anything appearing in the petition and amended petitions it cannot be said that his right to recover was barred by limitation at the commencement of this suit, the length of time that appellant may have owned the land, or an undivided interest in the original grant, of which the tract sued for is a part, without being required to assert his title or indicate his right to possession against adverse claimants, neither bars an action against such claimant, when disturbed in his possession, nor tends to show that a suit to recover the land from them is a stale demand ; nor does the fact that the deeds, under and by which he acquired his title, have been lost for any length of time whatever before the commencement of the suit in any way affect the question. If he acquires a legal title by the deeds, their loss or destruction does not change the character of such title. And should he have to bring suit to recover the land so conveyed, and can on the trial excuse himself from the production of the deeds, and otherwise satisfactorily establish their due execution and contents, he would be as clearly entitled to a judgment as if the deeds were still in existence and before the court.

If suit is brought to establish the contents and due execution of a deed and perpetuate the evidence of title furnished by it, and there has been an unreasonable delay in bringing the suit after the loss or destruction of the deed, the court will treat such suit as a stale demand, and leave the party to establish his title, whenever required to do so, as best he may. So also when a court of equity is appealed to by the legal owner to be quieted and relieved against a long-standing and known adverse claim which he regards as a cloud upon his title. But the mere refusal of the court

in such cases to grant relief, and the dismissal of the petition on demurrer, neither weakens the strength of the plaintiff's legal title nor gives additional weight to the adverse claim. It merely leaves the parties to vindicate their respective rights, when brought in issue, by such evidence as they may then be able to adduce.

But the leading object of this suit is to try title. The prayer to remove clouds and quiet appellant's title is ancillary to the prayer for the recovery of the land. If the petition does not warrant a part of the relief asked, it is no reason why the entire suit should have been dismissed; but as it does not appear from the petition when appellees first set up their adverse claim, and thereby cast a cloud upon appellant's title, if this was the only ground relied upon for relief, it cannot be said on demurrer to be a stale demand.

Appellant does not seek the aid of the court to establish the lost deeds. The allegations in the petition as to their loss seem to have been intended merely as a predicate for the introduction of parol testimony on the trial.

For the error of the court in sustaining the demurrer the judgment is reversed.

Reversed.