W. O. JOHNSON, GUARDIAN, v. F. B. BRYAN ET AL.

(Case No. 1743.)

1. VOID DEED.— Where the certificate to the deed from a *feme covert* shows that it was not acknowledged according to statute, such deed is invalid.

2. ESTOPPEL.— To estop a *feme covert* or her heirs from asserting right to land, she must be guilty of some positive fraud, or of some act of concealment or suppression which in law would be equivalent thereto.

3. SAME.— A plea, by way of estoppel, that the *feme covert* received the purchase money, used it in improving her separate property, and had acquiesced in the sale by permitting her vendees to improve the land, does not present such facts as would preclude her heirs from asserting title to the land.

4. CAVEAT EMPTOR.— The law presumes that he who deals with a person under disability, and knowing that fact, intends to incur the consequences of his acts.

5. CASES CITED.— Langton v. Marshall, 59 Tex., 296; Johnson v. Taylor, 60 Tex., 369; Fitzgerald v. Turner, 43 Tex., 79; Berry v. Donley, 26 Tex., 745; Cravens v. Booth, 8 Tex., 249; Coal Co. v. Pasco, 79 Ill., 170, quoted and approved.

6. TRESPASS TO TRY TITLE.— Any suit whose object is to recover title to land, whether upon legal or equitable ground, is an action of trespass to try title.

7. CLAIM FOR IMPROVEMENTS.— A deed of a *feme covert* which is invalid by reason of non-compliance with the statute may serve as a basis of a claim for improvements made in good faith. Elam v. Parkhill, 60 Tex., 582, cited.

APPEAL from Kaufman. Tried below before the Hon. Green J. Clark.

Appellants and others, as the heirs of Amanda McDonald, deceased, brought this suit to recover an undivided interest in land described in the petition; asserting that Mrs. McDonald, during her

life and while under coverture, made a pretended deed to Bryan for the interest sought to be recovered, which was void, as the acknowlment thereof was not in compliance with the statute. They also asked that the deed be canceled, and also for partition. The original petition was filed April 24, 1882, and the amended petition December 5, 1882.

Appellees answered by general and special exception, not guilty, and specially that appellants were estopped because Mrs. McDonald received the purchase money for the land, and used the same in making improvements on her separate property; that she had acquiesced in the sale, and stood by and without objection permitted them to purchase and improve the land. They also suggested improvements in good faith under the statute.

Trial without a jury, and judgment rendered in favor of appellees for costs, etc.

As a basis for the judgment, the court below held that appellants were estopped as asserted in the answer. And that was the main question in the case.

The court found that this was not an action of trespass to try title, but an equitable suit to remove cloud from title; that the purchase money was paid to Mrs. McDonald, and was expended in improving her homestead, which was her separate property, and which her heirs had inherited from her and still owned, and that, therefore, they could not recover the land without refunding the purchase money with interest.

*H. P. Teague,* for appellants, cited, on estoppel: Berry *v.* Donley, 26 Tex., 737; Cross *v.* Everts, 28 Tex., 523; Baily *v.* Trammell, 27 Tex., 328; Fitzgerald *v.* Turner, 43 Tex., 79; Bigelow on Estop. (2d ed.), 443.

*Manion & Adams,* for appellees, cited: Hatch *v.* De La Garza, 7 Tex., 63; Herndon *v.* Rice, 21 Tex., 455; Teas *v.* McDonald, 13 Tex., 349; Brown *v.* Lane, 19 Tex., 203; Johnson *v.* Taylor, 60 Tex., 360; Leading Cases in Equity (White & Tudor), vol. 1, part 2, pp. 332–335; Story's Equity Jurisprudence, vol. 2, sec. 707.

WATTS, J. COM. APP.— That Mrs. McDonald's deed to F. B. Bryan is invalid admits of no question; both the certificate and the evidence of the officer before whom the purported acknowledgment was taken unmistakably show that he did not explain the deed to her as prescribed by the statute. Langton *v.* Marshall, 59 Tex., 296;

Johnson v. Taylor, 60 Tex., 369; Fitzgerald v. Turner, 43 Tex., 79; Berry v. Donley, 26 Tex., 745.

To that extent the court below entertained the correct view respecting the effect of that instrument. But it was successfully asserted in that court that Mrs. McDonald by her acts had estopped both herself, and after her death her heirs also, from setting up title to the land in controversy.

Under what circumstances a married woman will be divested of her rights in real estate, by and through the operation of the doctrine of estoppel, the courts in this county are not fully agreed.

In Coal Co. v. Pasco, 79 Ill., 170, the court said that "a married woman attempting to sell her real estate without authority is not estopped afterwards to assert her title because she received the value of the land as purchase money. Nor can a court of equity hold that a married woman who so acts, without suppressing material facts, and has made no false representations to induce the purchase, is guilty of such a fraud as will estop her from asserting her title, notwithstanding her void deed."

In this state as early as 1852 it was held that the voluntary acts and representations of a married woman, made to deceive, and which do deceive, others to their prejudice will be binding upon her. Cravens v. Booth, 8 Tex., 249.

In Berry v. Donley, supra, it was said: "If the defendants, and those under whom they claim, were deceived or mistaken as to their title, it was through their own negligence or folly. That she, in fact, understood the character of the instruments signed by her, and was not induced to sign them by the influence of her husband; that she was not under his control, but was, rather than her husband, 'the business manager and trader in their marital partnership;' that for a long time she continued satisfied with her conveyances; or the distance from the proper officers and the carelessness of parties, cannot surely be supposed sufficient to render instruments not executed as required by law effectual to pass the title of married women. Nor does the fact that the consideration for the land claimed was used for the supprt of the wife and her family strengthen the case. If, for such reasons as these, the court could divest the title of a *feme covert*, its discretion and the opinion of the jury as to the facts would be virtually substituted in lieu of the provisions of the statute regulating such conveyances."

Fitzgerald v. Turner, 43 Tex., 82, was where the father of the plaintiff sold the land to defendant's vendor for a negro, at the request of the mother and for her benefit; and she had the use of the

negro during her life; that she afterwards expressed herself satisfied with the trade, and did not object to improvements being made by the purchasers; and the negro lived with and served the mother during her life, and the heirs after her death. In an action by the heirs of the mother to recover the land, it was held that these facts constituted no defense, either legal or equitable, to the plaintiff's action.

Chief Justice Roberts there said: "Thus it has been held by an unbroken chain of decisions of this court, with the exception of the case of Clayton's Adm'r *v.* Frazier, 33 Tex., 99, if that shall be regarded as an exception, that to pass the title of a married woman in the sale of her real property it must be done in the mode prescribed by the statute — by deed and privy examination; and that when it is not so done, she, or those claiming through or under her, may recover it by suit, unless estopped by some representations or acts on her part relied and acted on, so as to operate as a fraud upon the opposite party in the event of such recovery."

From a review of the adjudicated cases the true rule seems to be this: To estop a married woman from asserting her rights to land, it is essential that she should be guilty of some positive act of fraud, or else of some act of concealment or suppression which in law would be equivalent thereto. For all who deal with a married woman directly, or deal in any matter affecting her rights, are chargeable with a knowledge of her disability, and that she can only convey land in the manner prescribed by the statute.

As said by the court in Coal Co. *v.* Pasco, *supra:* "The law presumes that one dealing with a person under disability, and knowing the fact, intends to incur the consequence of his acts; and equity will not relieve him against them or otherwise afford relief."

The conclusion of the court below, that this was not a suit of trespass to try title, is unwarranted. The real object of the suit was the recovery of the land. True, appellants incidentally sought to remove a supposed cloud from their title, cast upon it by the void deed of Mrs. McDonald. Appellants could not be defeated in their right to recover the land upon the fiction that it was a suit in equity.

The facts averred in the answer and found by the court do not constitute an estoppel. Mrs. McDonald was guilty of no positive act of fraud, nor did she conceal or suppress anything when she was called upon to disclose it. As was truly said in U. S. Bank *v.* Lee, 13 Pet., 118, "All we need say is, that a court of chancery cannot hold her responsible because of her silence."

It is now well settled in this state that, notwithstanding the deed

of a married woman may be invalid, and would convey no title by reason of a non-compliance with the statute, nevertheless such a deed may serve as a basis for a claim for the value of improvements made in good faith. Hill v. Spear, 48 Tex., 583; Baker v. Compton, not reported; Elam v. Parkhill, 60 Tex., 582; Dorn v. Dunham, 24 Tex., 367.

Appellants are only claiming an undivided interest in the land; hence the question as to the value of improvements to be allowed appellees can only be determined after partition; until then they have lost none of their improvements. Equity dictates that the partition should be so made as to give to each party his improvements if it can be done without injury to the other part owners. Yancy v. Batte, 48 Tex., 46.

Our conclusion is that the judgment ought to be reversed and the cause remanded for further proceedings in accordance with the indications contained herein.

Reversed and remanded.

[Opinion adopted December 12, 1884.]