Opinion by
White, P. J.
§ 735. Limitation; proceeding to supply destroyed judgment, barred when; casé stated. On May 24, 1879, Wiley & Botson obtained a judgment against Phelan & Co. On February 4, 1880, said judgment and the record in the cause were destroyed by fire. On February 15, 1884, they commenced this proceeding under the statute [E. S. arts. 4236, 4287, 4288, 4289], to supply, restore and reinstate said judgment and record. Phelan & Co., by special exception, set up the statute of limitation of four years, which exception was overruled, and judgment; rendered supplying, restoring, etc., the destroyed judgment, etc. Held: The statute providing for the supplying of lost records is not intended to in any manner affect any other remedy, but to afford an additional remedy to any provided by other laws. [R. S. art. 4287; Craddock v. Scarborough, 54 Tex. 846.] No time is specified in the statute itself within which the right to the particular remedy afforded by it may be enforced as to judgments destroyed. The only limitation mentioned in it is that which provides that original papers which have been preserved where the records have been destroyed, • may, within four years after the records have been destroyed, be again recorded, so as to preserve the force and effect of the original registration. [E. S. art. 4292.] There is, however, a general statute of limitation as follows: “Every action, other than for the recovery of real *646 estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued,' and not afterward.” [E. S. art. 3207.] With regard to limitation courts of equity will generally “ adopt the statute in analogy to the nature of the claim sought to be enforced, and where ' there is no analogous statute, as where the matter is purely equitable, the court will refuse relief, if the plaintiff has been guilty of laches in asserting his rights; and a demand will often be regarded as stale even though the time which has elapsed is less than the statutory period.” [Wood on Lim. p. 117; Sheppard v. Cumming, 44 Tex. 502.] In Wyatt v. Luton, 10 Heisk. (Tenn.) 45S, it was held that limitation applied in a proceeding to restore a judgment in a suit. We are clearly of opinion that the general statute of limitation above quoted applies to this proceeding, and that appellees’ cause of action is barred, and appellants’ special exception should have been sustained.
May 27, 1885.
Eeversed and dismissed.