**W. J. BURRESS, Appellant,**

v.

**Henry M. BURRESS, Appellee.**

**No. 7912.**

Court of Civil Appeals of Texas.

Texarkana.

Sept. 24, 1968.

Jess Rickman, Terrell, for appellant.

W. H. Frank Barnes, Terrell, for appellee.

FANNING, Justice.

This is a trespass to try title suit instituted by appellee against appellant for the recovery of 4½ acres of land in Kaufman County, Texas, being the west half of a 9 acre tract. In addition to the statutory trespass to try title averments, appellee also alleged that his mother and father had executed and delivered to him a deed in September 1953, conveying to him title to the land sued for; that said deed had never been recorded and was lost sometime in the early part of 1961; and that after diligent search he had been unable to find said deed and gave notice to appellant that upon the trial he would offer oral and secondary evidence to prove the execution, delivery and contents of the deed. Appellant answered, with his pleadings containing various exceptions, a plea of not guilty and alleged he was not in possession of the land but that appellee was in possession and appellee had collected rents since 1961 and sued appellant for the rent collected, $3,-000.00; appellant also pleaded that appellee's cause of action was barred by laches and the 4 and 10 year statutes of limitation.

The case was tried to a jury. Only one issue was submitted to the jury and no other issue was requested by either party. The sole issue submitted and the jury's answer thereto, were as follows:

"SPECIAL ISSUE NUMBER ONE

"Do you find from a preponderance of the evidence that in September, 1953, Maude L. E. Burress and husband, Will Henry Burress, signed and delivered a deed conveying the west one-half of a certain nine (9) acres of land in question to the plaintiff Henry M. Burress?

ANSWER 'YES' OR 'NO'

Answer: Yes."

The trial court entered judgment for appellee for the title and possession of the 4½ acres of land sued for. Appellant's motion for new trial was overruled and appellant has appealed.

Appellant presents three points on appeal which are briefed together, wherein appellant contends to the effect the trial court erred in allowing the introduction of evidence regarding the alleged lost deed or submitting an issue on same, contending to the effect that the suit was to establish a lost deed and that same was barred by the four year statute of limitation and by laches, and that the trial court erred in not striking the pleadings of appellee with respect to a lost deed, and that the court erred in not sustaining appellant's motion for an instructed verdict.

Plaintiff-appellee's pleadings plead a statutory trespass to try title suit for the 4½ acres of land sued for. In addition to the statutory trespass to try title pleadings specific allegations were also made with respect to the lost 1953 deed, and such pleadings put appellant upon notice that oral and secondary evidence would be offered to prove the contents of the lost 1953 deed.

The evidence is amply sufficient to support the jury's findings to special issue No. 1. In fact, there is little, if any, dispute that the 1953 deed was executed and delivered as alleged by plaintiff-appellee. Mrs. Maude L. E. Burress, mother of appellant and appellee, owned 9 acres of land, including the west 4½ acres in question. She and her husband, Will Henry Burress, did not have a fit place in which to live and in the year 1952 or 1953 informed appellee that if he would build

a house on the 4½ acres in question so that they would have a place to live, that they would convey him the said 4½ acres. The proof showed that appellee did build a house on the said 4½ acres, spent around $5,000.00 in so doing, and in 1953 his father and mother moved into the house and lived there until his father was killed in an automobile collision in December, 1960. Honorable Frank King, an attorney of Terrell, Kaufman County, Texas, testified positively to the effect that in September, 1953, the mother and father of appellant and appellee came to his office and had him to draw two deeds, one conveying the west half of a 9 acre tract, being 4½ acres, involved on this appeal to appellee, and another deed conveying the east half of said 9 acre tract to appellant. Mr. King testified to the full facts showing the execution and delivery of the deed to the 4½ acres in question and further testified to the effect that Mrs. Burress, who owned the 4½ acre tract involved on this appeal, told him that she was conveying the west half of the 9 acre tract to appellee because he had built a house and made improvements so that she and her husband would have a place to live during their lifetime, and Mr. King further testified that in pursuance to the request of said parents he drew such deeds and that the deed conveying to appellee the 4½ acres in question was delivered to appellee by the grantors, Mr. and Mrs. Burress, who were present in the office of attorney King. The contents of the lost deed were shown by the evidence of attorney King.

The evidence further shows that appellee had taken his mother and father to attorney King's office at their request and returned them home. He had a metal box at the house on the 4½ acre tract in question where he kept his valuable papers. On the day the deed to appellee from his parents to the 4½ acre tract in question was executed by his parents and delivered to appellee he took the deed to said house and placed the same in the metal box and kept it there until shortly after the death of his father in 1960. This deed was never recorded. In the early part of 1961 appellee went to get his deed and the same had disappeared, and although he made diligent search for same he was unable to find it.

Appellee explained to the effect that his 1953 deed from his parents was not recorded because it was thought that the recording of same might affect the old age pensions of his parents.

In 1961, Mrs. Maude L. E. Burress executed a deed to the 9 acre tract to appellant and appellee, as Trustees. From the reading of the testimony it seems that this deed was executed for the reason that the deed she and her husband had executed to and delivered to appellee in 1953 was lost, was not recorded, and the record title still appeared in her and it was necessary or advisable from her standpoint to have the record show that she did not own this land so that she could enter the Masonic Home, which she did. The record shows without dispute that appellee knew nothing about this 1961 deed until he was informed of it later by appellant, long after the deed was recorded, and that when so informed he reminded appellant of the 1953 deed conveying the west 4½ acres to appellee. Appellee never accepted nor claimed under the 1961 deed.

The record is undisputed that appellee was in possession of the 4½ acres in question, either by tenant or otherwise (with his parents insisting on paying him rent for at least two years) from the time the 1953 deed was executed and delivered to him until the trial of the case. Appellee kept the place up, made repairs, paid taxes on same, either personally, or by giving his parents money to pay the taxes, and after the death of his father, and after his mother moved from the home to the Masonic Home in 1961, appellee has kept the place rented, looked after it in every way, collected the rent, and treated it as his own property. There was testimony from appellee to the effect that after appellee discovered that his 1953 deed had disappeared and was lost, he talked with appellant on more than one occasion reminding him that he could not

find his lost 1953 deed, and suggested that they should straighten the matter out by each delivering to the other a deed as their parents had done, and that this would clear the matter up, and that appellant stated more than one time that he would do so, and that appellee did not file this suit against appellant until after the death of their mother in February, 1966, and when he became aware that appellant did not intend to straighten the matter out.

Mrs. Maude L. E. Burress was the common source of title, as stipulated. She died intestate in 1966, and no administration was had on her estate and none was necessary. She had as her sole heirs her two sons, appellee and appellant. Appellant did not plead or attempt to plead or prove a title by adverse possession.

■ We agree with appellee that appellee's suit was a suit in trespass to try title for the 4½ acres of land in question, was not a suit to establish a lost deed, and that consequently neither the four year statute of limitations nor the doctrine of laches had any application to this suit. In this connection see the following authorities: 56 Tex.Jur.2d 137; Burns v. Goodrich, Tex.Sup.Ct., 392 S.W.2d 689; Shepard v. Cummings Heirs et al., 44 Tex. 502; Stafford v. Stafford, 96 Tex. 106, 70 S.W. 75; Lott et al. v. Van Zandt et al., Tex. Civ.App., 107 S.W.2d 761, no writ; Smoot v. Woods, Tex.Civ.App., 363 S.W.2d 798, writ refused; Tijerina v. Tijerina, Tex. Civ.App., 290 S.W.2d 277, no writ. In 56 Tex.Jur. p. 137, supra, it was stated in part as follows:

"It is now generally recognized that where the title asserted by the plaintiff, whether legal or equitable, is sufficient to sustain an action of trespass to try title, the defense of stale demand is not available; also that if the plaintiff has title sufficient to sustain an action in trespass to try title as distinguished from a mere equity that would entitle him to acquire title, his right of recovery will be *barred only by adverse occupancy in the manner and for the length of time prescribed by the statute of limitations relating to suits for the recovery of land."* (Emphasis added.)

In Burns v. Goodrich, supra, 392 S.W.2d 689, it was stated by the Texas Supreme Court in part as follows:

"Martha Lord's one-half interest in the 200 acres was conveyed to D. B. Speights by sheriff's deed dated August 7, 1945, and on this same date Speights conveyed to Ivy Lord 33⅓ undivided acres out of the interest he purchased at the foreclosure sale. *This deed had been lost but its execution, delivery and terms were established in the record and such proof does not involve any application of the Statutes of Limitation,* Article 5529, Vernon's Annotated Civil Statutes."

(Emphasis added.)

We hold the trial court rendered a correct judgment under the record in this case. All of appellant's points are overruled.

The judgment of the trial court is affirmed.