# IN THE SUPREME COURT OF TEXAS

No. 19-0365

ANDY BRUMLEY AND SHERI BRUMLEY, PETITIONERS,

v.

RICHARD HOWARD MCDUFF AND SARA SULLIVAN MCDUFF, INDIVIDUALLY AND AS CO-TRUSTEES OF THE MCDUFF TRUST, THE ERIN ELIZABETH MCDUFF TRUST, AND THE MACKIE ANN MCDUFF TRUST; ERIN ELIZABETH MCDUFF, INDIVIDUALLY AND AS CO-TRUSTEE OF THE ERIN ELIZABETH MCDUFF TRUST; AND MACKIE ANN MCDUFF, INDIVIDUALLY AND AS CO-TRUSTEE OF THE MACKIE ANN MCDUFF TRUST, RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SEVENTH DISTRICT OF TEXAS

**Argued October 27, 2020**

JUSTICE BLAND delivered the opinion of the Court.

In this property dispute between neighboring landowners, the plaintiffs pleaded the elements of adverse possession and received a favorable jury verdict and judgment. The court of appeals reversed, holding that the pleadings do not support the judgment because the plaintiffs denominated their claim as a "quiet title" action rather than a "trespass to try title" action.[1] Because the plaintiffs' pleadings in substance allege a claim of trespass to try title by adverse possession, we reverse.

---

[1] 603 S.W.3d 449 (Tex. App.—Amarillo 2019).

# I

In 2004, Petitioners Andy and Sheri Brumley sued the McDuffs,[2] asking the trial court to "quiet title" to 345.9 acres of land that has accreted over time along the Pease River in Wilbarger County. Although the parties allegedly hold competing deeds to the disputed property, in their third amended petition—the live petition when the case went to trial—the Brumleys alleged the elements of a ten-year adverse-possession claim, namely that:[3]

- "The Brumleys have exclusively occupied and used the Property since 2001."

- "The McDuffs also claim a right in the Property."

- "Since 2001, the Brumleys have continuously possessed, cultivated, used, and enjoyed the Property without interruption by an adverse suit to recover the Property."

- "Since 2001, the Brumleys have actually and visibly appropriated the Property and claimed the Property as their own inconsistent with and hostile to the claims of all others, including [the McDuffs]."

- "Since 2001, [the McDuffs] have had actual notice of the Brumley[s'] claim to the Property."

- "The Brumley[s'] possession and use of the Property precedes the commencement of this action by more than ten years."

Despite alleging these adverse-possession facts, the Brumleys described their cause of action as one to "quiet title," brought to "remove the cloud on their title and to quiet title to the Property in their name." They prayed for a "[j]udgment quieting title to the Property in the Brumleys and removing the cloud of the Brumley[s'] title."

---

[2] The Respondents are Richard Howard McDuff and Sara Sullivan McDuff, individually and as co-trustees of the McDuff Trust, the Erin Elizabeth McDuff Trust, and the Mackie Ann McDuff Trust; Erin Elizabeth McDuff, individually and as co-trustee of the Erin Elizabeth McDuff Trust; and Mackie Ann McDuff, individually and as co-trustee of the Mackie Ann McDuff Trust.

[3] Adverse possession is "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." TEX. CIV. PRAC. & REM. CODE § 16.021(1); *see id.* § 16.026 (ten-year adverse-possession statute).

In response, the McDuffs pleaded the statutory trespass-to-try-title defense of "not guilty," provided for in our Rules of Civil Procedure.[4] They also counterclaimed for a judgment quieting title in their favor. The McDuffs specially excepted to the Brumleys' pleadings to clarify the maximum damages sought but did not otherwise challenge them.

At trial, the Brumleys presented evidence that they had occupied the property since 2001 by, among other things, substantially improving the property and placing "No Trespassing" signs along its perimeter. For their part, the McDuffs repeatedly characterized the case as an adverse-possession action.[5] At the jury charge conference, both the Brumleys and the McDuffs requested an adverse-possession charge, asking whether the Brumleys had adversely possessed the property for more than ten years. The McDuffs proposed three additional questions, asking: (1) which party had title; (2) whether the McDuffs had possessed the property since 1984; and (3) whether the Brumleys' "claim of adverse possession" was groundless and made in bad faith. In objecting to the trial court's submission, the McDuffs further argued:

> We have pled in this case, and it is our theory of this case, that we were sued for a suit to quiet title. And I will be objecting to submission based on lack of evidence of ownership by the Brumleys, and I do so now make an objection to the charge to the extent that the court contends to submit Brumleys adverse possession because it doesn't set forth -- because Brumleys' pleadings are simply pleadings to quiet title, and you cannot quiet title unless you prove ownership.

---

[4] TEX. R. CIV. P. 788 ("The defendant in [a trespass-to-try-title] action may file only the plea of 'not guilty,' which shall state in substance that he is not guilty of the injury complained of in the petition filed by the plaintiff against him, except that if he claims an allowance for improvements, he shall state the facts entitling him to the same."). When a defendant pleads "not guilty," the defendant admits possession of the subject property and claims superior title. *Permian Oil Co. v. Smith*, 107 S.W.2d 564, 569–70 (Tex. 1937); *see* TEX. R. CIV. P. 790. The burden of proof is then on the plaintiff to establish that the plaintiff has a title superior to the defendant's title. *See Rogers v. Ricane Enters., Inc.*, 884 S.W.2d 763, 768 (Tex. 1994) ("To recover in a trespass to try title action, the plaintiff must recover upon the strength of his own title.").

[5] During pre-trial proceedings, counsel for the McDuffs stated: "They are pleading simply an adverse possession case." In the McDuffs' opening statement, counsel told the jury: "And the question is, the Judge is going to charge you with what you have to see when you talk about adverse possession. Open, continuous, exclusive, adverse and hostile, and notorious. That's what the Judge's charge will have. Open. Everybody can see it. Continuous. Never stopping the use. Exclusivity. Hostile and adverse, and notorious."

The trial court overruled the objection and denied the requests, concluding, "if the jury accepts that the McDuffs have title from the sovereign all the way to now, and they still find that the Brumleys have possessed [the property] adversely, hostile[ly], and exclusively, [the McDuffs' claim to title] doesn't matter."

The sole question submitted to the jury was:

Did the Brumleys hold the Property in peaceable and adverse possession for at least ten years before July 11, 2014?

The jury unanimously found that the Brumleys held peaceable and adverse possession of the property for the requisite time. Accordingly, the trial court rendered a judgment awarding title to the property to the Brumleys.

The McDuffs appealed, challenging the legal and factual sufficiency of the Brumleys' evidence and the trial court's denial of their jury questions.[6] The court of appeals reversed, holding that the trial court erred in submitting an adverse-possession claim to the jury.[7] The court of appeals held that the Brumleys had pleaded an action to *quiet* title, and a claim for adverse possession is a *trespass*-to-try-title claim.[8] Because the Brumleys failed to establish that they held title to the property—an essential element of an action to quiet title—and, in the court of appeals' view, the pleadings alleged "the wrong cause of action," the court concluded that the Brumleys' pleadings did not support the judgment.[9]

---

[6] 603 S.W.3d 449, 451 (Tex. App.—Amarillo 2019).

[7] *Id.* at 451–53.

[8] *Id.* at 452.

[9] *Id.* at 452–53 ("Therefore, where, as here, the Brumleys were seeking to adjudicate the supremacy of their 'title,' they filed the wrong cause of action. At best, the only relief the trial court could award in their 'quiet title' action was an order or decree that some 'cloud' on their title was invalid or unenforceable."). The court of appeals further concluded that, based on the McDuffs' charge objection, the parties had not tried an adverse-possession claim by consent. *Id.* at 453–54. Because we hold that the Brumleys' pleadings support the judgment, we need not address their alternative contention that the parties tried adverse possession by consent.

4

The Brumleys petitioned our Court for review. At the outset, the Brumleys contend that the court of appeals reversed the case on unassigned error because the McDuffs raised no argument in the court of appeals that the Brumleys' pleadings failed to support the judgment. The Brumleys further contend that their petition alleges facts to support each element of adverse possession and plainly states a trespass-to-try-title claim, despite their designation of the claim as an action to quiet title. In a responsive issue, the McDuffs challenge the legal sufficiency of the evidence supporting the jury's finding of adverse possession.

## II

The Brumleys first argue that the McDuffs never assigned as error the pleading defect on which the court of appeals based its reversal. With the exception of fundamental errors, a court of appeals must not reverse a trial court's judgment in the absence of properly assigned error.[10]

The McDuffs respond that their second issue in the court of appeals "fairly included" the pleadings-defect issue: [11]

> Did the trial court err by failing to submit certain questions and instructions to the jury when the McDuffs request for such a question or instruction was required by law and supported by the evidence, and probably led to the rendition of an improper verdict?

The court of appeals read this as covering a pleadings-defect issue, despite the absence of any argument regarding the Brumleys' pleadings or that the jury charge submitted a claim not supported by the pleadings.

---

[10] *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 577 (Tex. 2006).

[11] *See* TEX. R. APP. P. 38.1(f) ("The statement of an issue or point will be treated as covering every subsidiary question that is fairly included."); *see also First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 222 (Tex. 2017).

We need not decide whether the McDuffs waived the issue. Even reading the briefs as the court of appeals did, we conclude that the Brumleys' pleadings supported the submission of adverse possession to the jury.

## III

A trial court must submit jury questions, instructions, and definitions "raised by the written pleadings and the evidence."[12] Concomitantly, a trial court must not submit claims or affirmative defenses that the pleadings and evidence do not support, unless the parties tried the claim or defense by consent.[13] Within those parameters, we review the trial court's submission of the charge to the jury for abuse of discretion.[14]

A plaintiff sufficiently pleads a cause of action when the elements of the claim and the relief sought may be discerned from the pleadings alone.[15] "Mere formalities, minor defects and technical insufficiencies will not invalidate a . . . judgment where the petition states a cause of action and gives 'fair notice' to the opposing party of the relief sought."[16] The proper response to a legally or factually infirm pleading is to file special exceptions objecting to the pleading.[17] Special exceptions notify the parties and the court that legal or factual uncertainty exists as to the claimed cause of action or affirmative defense. In the absence of special exceptions or other motion

---

[12] TEX. R. CIV. P. 278; *see also Hyundai Motor Co. v. Rodriguez*, 995 S.W.2d 661, 663 (Tex. 1999).

[13] *See Oil Field Haulers Ass'n v. R.R. Comm'n*, 381 S.W.2d 183, 191 (Tex. 1964) (explaining that "a plaintiff may not sustain a favorable judgment on an unpleaded cause of action, in the absence of trial by consent").

[14] *Tex. Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990).

[15] *See Stoner v. Thompson,* 578 S.W.2d 679, 683 (Tex. 1979) (determining whether a plaintiff can obtain relief on default judgment).

[16] *Id.* (citing *Edwards Feed Mill v. Johnson*, 311 S.W.2d 232 (Tex. 1958)).

[17] TEX. R. CIV. P. 91; *see Parker v. Barefield*, 206 S.W.3d 119, 120 (Tex. 2006) (per curiam) ("Special exceptions are appropriate to challenge a plaintiff's failure to state a cause of action."); *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998) ("Special exceptions may be used to challenge the sufficiency of a pleading.").

challenging the sufficiency of the pleadings, we construe a petition liberally in favor of the pleader.[18]

A claim for adverse possession requires specific pleadings.[19] The McDuffs, however, did not specially except to the Brumleys' characterization of their adverse-possession claim as one to "quiet title." Nor do they contend, even on appeal, that the Brumleys failed to allege a required element of an adverse-possession claim. The court of appeals nevertheless concluded that the Brumleys "filed the wrong cause of action" because: (1) the Brumleys' petition did not mention trespass to try title but instead characterized the action as one "to quiet title"; and (2) the Brumleys' prayer for relief requested a "[j]udgment quieting title to the Property . . . ."[20] We conclude that these unobjected-to complaints do not alter the petition's fundamental substance.

## A

By statute, a trespass-to-try-title action "is the method of determining title to lands."[21] Although related claims exist to determine narrower questions of possession,[22] a cloud on a title,[23] or a non-possessory interest,[24] a trespass-to-try-title action is the exclusive remedy for resolving

---

[18] *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982).

[19] *See* TEX. R. CIV. P. 783.

[20] 603 S.W.3d 449, 452–53 (Tex. App.—Amarillo 2019).

[21] TEX. PROP. CODE § 22.001(a).

[22] Chapter 24 of the Texas Property Code authorizes a suit for forcible detainer to obtain possession of real property from a tenant who refuses to surrender possession. *See* TEX. PROP. CODE §§ 24.001–.011. Jurisdiction to hear a forcible-detainer action lies in the justice court of the precinct where the property is located. *Id*. § 24.004(a). The exclusive issue in a forcible-detainer action is the right to actual possession of the premises. *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). A justice court, however, has no jurisdiction to adjudicate title to land. TEX. GOV'T CODE § 27.031(b).

[23] *See Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983) ("A suit to remove a cloud from title is a suit for a specific, equitable remedy." (citing *Thomson v. Locke*, 1 S.W. 112, 115 (Tex. 1886) and *Katz v. Rodriguez*, 563 S.W.2d 627, 629 (Tex. App.—Corpus Christi 1978, writ ref'd n r.e.))).

[24] *See Lance v. Robinson*, 543 S.W.3d 723, 736 (Tex. 2018) ("[T]he trespass-to-try-title statute does not apply to a claimant who seeks to establish an easement, because such a claimant 'does not have such a possessory right.'" (quoting *City of Mission v. Popplewell*, 294 S.W.2d 712, 714 (Tex. 1956))).

overarching claims to legal title.[25] It "embraces all character of litigation that affects the title to real estate."[26] In a trespass-to-try-title action, a plaintiff may prove legal title by establishing: (1) a regular chain of title of conveyances from the sovereign to the plaintiff; (2) a superior title to that of the defendant out of a common source; (3) title by limitations (i.e., adverse possession); or (4) possession that has not been abandoned.[27]

Special pleading requirements govern trespass-to-try-title actions.[28] We have described these pleading requirements as "detailed," but they are not arduous.[29] A petition must state: (1) the real names of the parties and their residence, if known; (2) a legally sufficient description of the premises; (3) the plaintiff's claimed interest; (4) that the plaintiff possesses the premises or is entitled to possession; (5) that the defendant unlawfully entered and dispossessed the plaintiff of the premises and withholds possession; and (6) a "prayer for the relief sought."[30]

When these requirements are met, we have disregarded other variations, treating any suit to establish title to land as a trespass-to-try-title action.[31] For example, in *Ammons v. Dwyer*, we held that a petition seeking to "quiet title" by limitations was, in effect, a trespass-to-try-title

---

[25] TEX. PROP. CODE § 22.001(a); *see Martin v. Amerman*, 133 S.W.3d 262, 267 (Tex. 2004) (noting that section 22.001 "expressly provides that it is '*the* method for determining title to . . . real property.'" (quoting *id*.)).

[26] *Stanolind Oil & Gas Co. v. State*, 133 S.W.2d 767, 770 (Tex. 1939) (collecting cases).

[27] *Rogers v. Ricane Enters., Inc.*, 884 S.W.2d 763, 768 (Tex. 1994) (citing *Land v. Turner*, 377 S.W.2d 181, 183 (Tex. 1964)).

[28] *See* TEX. R. CIV. P. 783.

[29] *Martin*, 133 S.W.3d at 265 (noting that "trespass-to-try-title actions involve detailed pleading and proof requirements" (citing TEX. R. CIV. P. 783–809)).

[30] TEX. R. CIV. P. 783(a)–(e), (g). If rents and profits or damages are claimed, the petition must also include "such facts as to show the plaintiff to be entitled thereto and the amount thereof." TEX. R. CIV. P. 783(f).

[31] *See Shepard v. Heirs of Cummings*, 44 Tex. 502, 506 (Tex. 1876) (holding that where the "leading object" of an action is to recover land, the additional allegation of the adverse claim being a cloud upon plaintiff's title or the prayer "to remove clouds" will not change the character of the action from trespass to try title); *see also Coinmach Corp. v. Aspenwood Apartment Corp*., 417 S.W.3d 909, 926 (Tex. 2013) (noting that a determination of the claimant's "legal interests and possessory rights . . . is the very relief that the trespass-to-try-title statute governs").

action.[32] Similarly, in *Johnson v. Bryan*, we held that the plaintiffs "could not be defeated in their right to recover the land upon the fiction that it was a suit in equity."[33]

More recently, we confirmed that the substance of the plaintiff's pleadings determines whether a claim sounds in trespass to try title. As in this case, *Martin v. Amerman* concerned a boundary dispute between neighbors.[34] The Martins sued for a declaratory judgment to establish the boundary line. The trial court declared the proper boundary and awarded the Martins their attorney's fees under the Declaratory Judgment Act.[35] The court of appeals affirmed but eliminated the fee award, holding that the boundary dispute was a trespass-to-try-title action for which, at the time, fees were not available.[36]

We affirmed the court of appeals, emphasizing that a trespass-to-try-title action is "*the* method for determining title to . . . real property."[37] Thus, even though the Martins sought a declaratory judgment, their dispute "was in the nature of a trespass-to-try-title action and must be

---

[32] 15 S.W. 1049, 1054 (Tex. 1890) ("The petition alleges the trespass . . . it prays for restitution of the premises, to be quieted in her title, for her damages, and costs. The petition does not appear to have been indorsed as required in action of trespass to try title, but it was in form of trespass to try title."), *overruled on other grounds by Heintz v. Thayer*, 50 S.W. 929 (Tex. 1899).

[33] 62 Tex. 623, 626 (Tex. 1884) (remanding for further proceedings because "[t]he real object of the suit was the recovery of the land"); *see Grimes v. Hobson*, 46 Tex. 416, 419 (Tex. 1877) (holding a suit to quiet title, "although not brought strictly under the statute, must be held . . . to be in effect an action of trespass to try title." (citing *Dangerfield v. Paschal*, 20 Tex. 536 (Tex. 1857))); *see also Bank of Va. v. Hedges*, 38 Tex. 614, 614–15 (Tex. 1873) (treating a suit to quiet title as trespass to try title by adverse possession).

[34] *Martin*, 133 S.W.3d 263–64.

[35] *Id.* at 264. The Declaratory Judgment Act grants trial courts discretion to award attorney's fees in any judgment under the Act, but not all trespass-to-try-title actions permit the recovery of fees. *Compare* TEX. CIV. PRAC. & REM. CODE § 37.009, *with id.* § 16.034.

[36] *Amerman v. Martin*, 83 S.W.3d 858, 864 (Tex. App.—Texarkana 2002), *aff'd*, 133 S.W.3d 262 (Tex. 2004). Following the Court's decision in *Martin*, the Texas Legislature amended the Declaratory Judgment Act to expressly provide that, notwithstanding section 22.001 of the Texas Property Code (the trespass-to-try-title statute), a claimant may sue for declaratory relief "when the sole issue concerning title to real property is the determination of the proper boundary line between adjoining properties." Act of May 17, 2007, 80th Leg., R.S., ch. 305, § 1, 2007 Tex. Gen. Laws 581 (codified at TEX. CIV. PRAC. & REM. CODE § 37.004(c)).

[37] *Martin*, 133 S.W.3d at 267 (alteration in original) (quoting TEX. PROP. CODE. § 22.001(a)); *see also Lance v. Robinson*, 543 S.W.3d 723, 735–36 (Tex. 2018) (distinguishing between trespass-to-try-title actions and actions that determine non-possessory interests, such as easements).

treated as such."[38] In short, we examine the substance of a plaintiff's petition—not its form—to determine whether it states a trespass-to-try title action.[39]

## B

In substance, the Brumleys' petition states a claim for trespass to try title by adverse possession. It alleges each element of a ten-year adverse-possession claim—actual, visible, continuous, hostile, and exclusive possession and use of the property for over ten years.[40] The petition includes the other required allegations of a trespass-to-try-title action that apply to an adverse-possession claim, including the parties' names and residences, a metes-and-bounds description of the property, and the property interest claimed.[41] The petition prays for relief establishing title in the Brumleys' name.[42]

---

[38] *Martin,* 133 S.W.3d at 264, 268.

[39] *See Shepard v. Heirs of Cummings*, 44 Tex. 502, 504, 506 (Tex. 1876); *Ammons v. Dwyer*, 15 S.W. 1049, 1054 (Tex. 1890), *overruled on other grounds by Heintz v. Thayer*, 50 S.W. 929 (Tex. 1899); *Johnson v. Bryan*, 62 Tex. 623, 626 (Tex. 1884). Courts of appeals similarly have disregarded the form of the pleadings when the substance of the suit is a dispute over title to land. *See Ballingall v. Brown*, 226 S.W.2d 165, 170 (Tex. App.—Fort Worth 1949, writ ref'd n.r.e.) (holding if the pleadings in a trespass-to-try-title action "substantially comply with statutory requirements they are sufficient to support a judgment"); *Martin v. McDonnold*, 247 S.W.3d 224, 239 (Tex. App.—El Paso 2006, no pet.) ("If a plaintiff's petition substantially follows the provisions of Rule 783 [of the Texas Rules of Civil Procedure] i[t] will be considered sufficient for pleading purposes."); *Longoria v. Lasater*, 292 S.W.3d 156, 165 (Tex. App.—San Antonio 2009, pet. denied) ("A suit to resolve a dispute over title to land is, in effect, a trespass to try title action regardless of the form the action takes and whether legal or equitable relief is sought."); *Ramsey v. Grizzle*, 313 S.W.3d 498, 504 (Tex. App.—Texarkana 2010, no pet.) ("[A]ny suit that involves a dispute over the title to land is, in effect, an action in trespass to try title, whatever its form and regardless of whether legal or equitable relief is sought." (quoting *Jordan v. Exxon Corp.*, 802 S.W.2d 880, 883 (Tex. App.—Texarkana 1991, no writ))); *Kennedy Con., Inc. v. Forman*, 316 S.W.3d 129, 135 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("Any suit involving a dispute over the title to land is an action in trespass to try title, whatever its form and regardless of whether legal or equitable relief is sought."); *Poag v. Flories*, 317 S.W.3d 820, 829 (Tex. App.—Fort Worth 2010, pet. denied) ("Any suit that involves a dispute over the title to land is, in effect, an action in trespass to try title, whatever its form." (quoting *Hawk v. E.K. Arledge, Inc.*, 107 S.W.3d 79, 84 (Tex. App.—Eastland 2003, pet. denied))); *Roberson v. Odom*, 529 S.W.3d 498, 502–03 (Tex. App.—Texarkana 2017, no pet.) ("Regardless of the form the action takes or the type of relief sought, when a plaintiff's pleadings and the evidence show that the dispute between the parties involves a question of title, the trespass to try title statute governs the substantive claims.").

[40] *See Rhodes v. Cahill*, 802 S.W.2d 643, 645 (Tex. 1990) ("[P]ossession must not only be actual, but also visible, continuous, notorious, distinct, hostile (i.e., adverse), and of such a character as to indicate unmistakably an assertion of a claim of exclusive ownership in the occupant." (quoting *Satterwhite v. Rosser*, 61 Tex. 166, 171 (Tex. 1884))); Tex. Civ. Prac. & Rem. Code § 16.026 (ten-year adverse-possession statute).

[41] *See* Tex. R. Civ. P. 783(a)–(d).

[42] *See* Tex. R. Civ. P. 783(g). In an appropriate case, the plaintiff must also allege that the defendant "unlawfully entered upon and dispossessed" the plaintiff of the property. Tex. R. Civ. P. 783(e). Under Rule 790,

Despite these allegations, the court of appeals concluded that, because "the Brumleys were seeking to adjudicate the supremacy of their 'title,' . . . the only relief the trial court could award . . . was an order or decree that some 'cloud' on their title was invalid or unenforceable."[43] The court of appeals is correct that a legal action to quiet title is traditionally one in which the superior title holder seeks to remove a challenge to that title.[44] Thus, "[t]he plaintiff in a quiet-title suit 'must prove, as a matter of law, that he has a right of ownership and that the adverse claim is a cloud on the title that equity will remove.'"[45]

Over time, however, the term "quiet title" has acquired a colloquial meaning encompassing many kinds of title disputes, including those more aptly named as trespass-to-try-title actions.[46] Though it would have been better to use the statutory "trespass to try title" name to describe their claim, there is no doubt that the Brumleys sought ownership of the property through adverse possession in their pleadings, not merely to "adjudicate the supremacy of their 'title.'"[47] A claim

---

however, a defendant's "not guilty" plea operates as an admission that the defendant "was in possession of the premises sued for, or that he claimed title thereto at the time of commencing the action." TEX. R. CIV. P. 790. Thus, the Brumleys' allegation that they possessed the property, coupled with the McDuffs' answer of "not guilty," satisfies Rule 783(e). *See id.*; *see also Rains v. Wheeler*, 13 S.W. 324, 325 (Tex. 1890) (although trespass-to-try-title petition did not allege that defendant had dispossessed plaintiff of premises, "an answer to the merits shall be deemed an admission by the defendant that he was in possession of the premises . . . at the time the suit was instituted").

[43] 603 S.W.3d 449, 452 (Tex. App.—Amarillo 2019).

[44] *See Action to Quiet Title*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("A proceeding to establish a plaintiff's title to land by compelling the adverse claimant to establish a claim or be forever estopped from asserting it.").

[45] *Lance v. Robinson*, 543 S.W.3d 723, 739 (Tex. 2018) (quoting *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied)).

[46] *See id.* at 738 (describing differences between "quiet-title claims, trespass-to-try title claims, and modern declaratory judgment claims" as "nuanced."). Courts sometimes expansively use the term "suit to quiet title" to refer to actions that adjudicate title beyond an equitable request to remove a "cloud" on a title to real property. *See, e.g.*, *Florey v. Estate of McConnell*, 212 S.W.3d 439, 448–49 (Tex. App.—Austin 2006, pet. denied) (distinguishing between "suits to quiet title that are equivalent to trespass-to-try-title actions" and suits to quiet title involving interests that "indirect[ly] impact" title); *Alkas v. United Sav. Ass'n of Tex., Inc.*, 672 S.W.2d 852, 855–56 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e.) (describing suit to adjudicate title as one "to quiet title" when former owner alleged that creditors improperly conveyed title to new owner).

[47] 603 S.W.3d at 452; *see Day Land & Cattle Co.*, 4 S.W. at 868 (holding where the defendant answered with a statutory trespass-to-try-title defense and did not except to the petition's alleged failure to conform to statutory trespass-to-try-title pleading requirements, the defendant "was not misled as to the character of the action").

of title by adverse possession is a dispute over title to land; thus, "*the* method" to resolve it is a statutory trespass-to-try-title action.[48]

The parties and the trial court were acutely aware that the Brumleys had pleaded a claim of adverse possession. A pleading must provide sufficient information about a plaintiff's claim to permit the defendant to prepare a defense.[49] The record is replete with instances that confirm that the McDuffs understood that the Brumleys had alleged a claim of adverse possession. Before trial, the McDuffs' counsel stated to the trial court that the Brumleys' "sole contention is that they have acquired the property by adverse possession . . . by possessing the property adversely to [the McDuffs]." Throughout the trial, the McDuffs sought to discredit the Brumleys' claim of open, notorious, and hostile possession for the requisite ten-year period. While cross-examining Andy Brumley, for example, the McDuffs' counsel stated: "You know and I know that you pled for a ten-year statute of limitations in this case."[50]

In substance and effect, the Brumleys sued for title to the disputed property. In describing their claim as an "action to quiet title," the Brumleys did not nullify the substance of their adverse-possession allegations.[51] A suit that seeks to resolve a title dispute is, in effect, an action in trespass

---

[48] *Martin v. Amerman*, 133 S.W.3d 262, 267 (Tex. 2004) (quoting TEX. PROP. CODE. § 22.001(a)).

[49] *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982) ("A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense.").

[50] *See* TEX. CIV. PRAC. & REM. CODE § 16.026 (ten-year adverse-possession statute). If an adverse possessor stays in possession for the limitations period and meets all other statutory requirements, title transfers to the adverse possessor.

[51] *See Ammons v. Dwyer*, 15 S.W. 1049, 1054 (Tex. 1890) (holding petition seeking to "quiet title" did not affect the nature of the suit as a trespass to try title), *overruled on other grounds by Heintz v. Thayer*, 50 S.W. 929 (Tex. 1899); *Johnson v. Bryan*, 62 Tex. 623, 626 (Tex. 1884) ("The conclusion of the court below, that this was not a suit of trespass to try title, is unwarranted. The real object of the suit was the recovery of the land. True, [the plaintiffs] incidentally sought to remove a supposed cloud from their title, cast upon it by the void deed . . . . [But the plaintiffs] could not be defeated in their right to recover the land upon the fiction that it was a suit in equity."); *Shepard v. Heirs of Cummings*, 44 Tex. 502, 506 (Tex. 1876) (holding that, if "leading object" of an action is to recover land, allegation of adverse claim as cloud on plaintiff's title or prayer "to remove clouds" does not change character of action from trespass to try title).

to try title, whatever its form.[52] Much as a party does not turn a trespass-to-try-title dispute into a declaratory-judgment action through artful pleading,[53] a party does not forfeit its trespass-to-try-title action by inartfully naming it.

## IV

In the court of appeals, the McDuffs challenged the legal and factual sufficiency of the evidence to support the jury's finding of adverse possession. The court of appeals did not reach these issues. Accordingly, we remand the case to the court of appeals for it to consider them.[54]

\* \* \*

We hold that the Brumleys sufficiently pleaded a trespass-to-try-title action by adverse possession. Accordingly, we reverse the judgment of the court of appeals and remand the case to that court for further proceedings.

_____
Jane N. Bland
Justice

OPINION DELIVERED:  February 5, 2021

---

[52] *See Johnson*, 62 Tex. at 626; *Shepard*, 44 Tex. at 506.

[53] *See Martin*, 133 S.W.3d at 267.

[54] Tex. R. App. P. 53.4; *see Musallam v. Ali*, 560 S.W.3d 636, 640 (Tex. 2018) ("Given the posture of the case and the arguments, we conclude that the appropriate disposition is to remand to the court of appeals for it to first address issues properly preserved but which we have not addressed." (citing *First Bank v. Brumitt*, 519 S.W.3d 95, 112 (Tex. 2017))).